## JOGLAR v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section 1.

No. 85.—Decided March 14, 1911.

COMMERCIAL ASSOCIATION—LIQUIDATION—INVENTORY—DISSOLUTION OF PARTNERSHIP.—The liquidation of a commerical association consists in collecting its credits, extinguishing the obligations previously contracted as they fall due, and realizing pending transactions; but the taking of an inventory of the assets and liabilities for the purpose of ascertaining whether there was any profit or loss in the association, cannot be understood as the liquidation referred to by article 228 of the Code of Commerce, nor can the execution of a deed of dissolution of the association and assignment of rights and actions by one partner to another be construed as such liquidation.

ID.—COMMERCIAL TRANSACTIONS—TRANSACTIONS OF A CIVIL CHARACTER.—Although the dissolution of the copartnership is a commercial transaction, the assignment of rights by one partner to another cannot be considered commercial although contained in the same deed, it being a transaction of a civil character that must be regulated by the code which treats of this matter.

ID.—PROPERTY CONSIDERED IMMOVABLE—JUDICIAL AUTHORITY TO ALIENATE PROPERTY BELONGING TO MINORS.—Rights over immovable property have the character of immovables, wherefore the rights, though indeterminate, which a minor may have in a commercial association, with respect to the latter's real property, have the character of realty, and for the alienation or encumbrance thereof judicial authority is necessary, without which requisite the same cannot be recorded in the registry.

The facts are stated in the opinion.

*Mr. Francisco de la Torre* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

By public deed executed in the city of San Juan, Porto Rico, on October 17, 1907, before Notary Damián Monserrat

y Simó, Higinio Joglar y Díaz, and Luz Cerecedo y Ramos, of legal age, set forth: That by another public deed executed April 22, 1905, and recorded in the mercantile registry, Francisco Joglar Victorero and Higinio Joglar y Díaz constituted a commercial partnership, under the firm name of Sobrinos de Joglar, for the term of three years, which expired April 22 previous; that by the death of the partner, Francisco Joglar Victorero, his interest in the partnership went to his widow, Luz Cerecedo y Ramos, and to their son, Francisco Joglar Cerecedo, they having been declared his heirs by the District Court of San Juan; an inventory having been duly taken on May 28, 1907, the widow and the son of Francisco Joglar Victorero being represented by Joaquín Sánchez Colomer, the balance showed the firm to have assets amounting to $12,160.80 as against liabilities amounting to $8,195.14, a net profit of $3,965.66 being thereby shown in which each partner had a half interest—that is to say, $1,982.83 each; but, as according to the personal account of the deceased partner, he had drawn $2,318, a difference of $335.17 appeared against him after deducting the amount of his profits; while the personal account of the other partner, after deducting his expenses, which amounted to $407.90, showed a balance in his favor of $2,074.93, representing his capital and profits. Wherefore, in view of these circumstances, both in their own right, and Luz Cerecedo, as the mother with *patria potestas* over her minor son, Francisco Joglar Cerecedo, and empowered by article 234 of the Code of Commerce, dissolved and declared the firm of Sobrinos de Joglar extinguished, Higinio Joglar Díaz taking charge of the assets and liabilities as sole responsible owner and liquidator thereof, he assuming all the rights, actions, duties, and obligations pertaining to the firm; and the heirs of the deceased partner were thereby excluded from all benefits and relieved of all responsibility, it being further stipulated that the balance shown against the said heirs be considered as settled, the partner, Higinio Joglar Díaz, waiving all claim against them.

This document having been recorded. in the mercantile registry under date of November 12, 1907, it was presented on January 6 of the present year by Higinio Joglar Díaz at the Registry of Property of San Juan, Section 1, together with a petition wherein he sought, on the strength of said document, to have recorded in his favor a half interest in the house numbered 56 on Comercio Street, Río Piedras, which had belonged to the firm of Sobrinos de Joglar and was now the property of the petitioner as the sole owner of the assets and liabilities of the said firm, but the registrar refused admission thereof to record for the following reason:

"The admission of the foregoing document to record is denied with respect to the half interest in a house situated on Comercio Street because the contract resulting from the foregoing instrument does not come within the case excepted by article 234 of the Code of Commerce; therefore the said contract, to be valid, requires judicial authorization in respect to the minor, Francisco Joglar Cerecedo. A cautionary notice, effective for the period prescribed by law, has been entered at folio 228 of volume 98 of Río Piedras, property 1038, triplicate, entry letter A. San Juan, Porto Rico, January 14, 1911. The Registrar, José S. Belaval."

From this decision Higinio Joglar Díaz took the present appeal to this Supreme Court praying for the reversal thereof, and that the court order the admission of the document to record after hearing the registrar.

The only question involved in this appeal is whether Luz Cerecedo, as mother with *patria potestas* over her minor child, Francisco Joglar Cerecedo, could, without judicial authorization, assign and convey the rights which her said child had in the commercial firm of Sobrinos de Joglar, as was done in favor of the other partner, for, while the appellant maintains that the assignment is valid because the question being one of the liquidation of a commercial firm, article 234 of the Code of Commerce, which does not require judicial authorization, is applicable, the registrar contends that the document, whose admission to record was denied, does

not refer to the liquidation of the commercial partnership, but to its dissolution and to a conveyance of rights and actions for which judicial authorization is necessary.

In the liquidation of commercial associations in which minors or incapacitated persons are interested, the aforesaid article 234 of the Code of Commerce authorizes the father, mother, or guardian of the latter to act with full power as though a private transaction were involved, and all the acts performed by them are valid, without prejudice to such liability as they may incur with regard to their principals by reason of fraud or negligence, which is tantamount to saying that for the purpose of performing such acts of liquidation no judicial authorization is required.

The liquidation of a commercial association consists in collecting its credits, extinguishing its obligations previously contracted as they fall due, and realizing pending transactions, none of which acts appear to have been performed by the parties executing the instrument which is the object of this appeal, and we must therefore hold that the question here is not one of the liquidation of a commercial association; nor can the fact that an inventory of the assets and liabilities was taken in order to ascertain whether the partnership had had any profit or loss be held to have been such a liquidation as that contemplated by article 228 of the Code of Commerce.

It is not a question, then, of acts performed by the mother in the liquidation of a partnership in which her minor son is interested, wherefore article 234 of the aforesaid code is not applicable to the case. The same is true as to the decision of this court rendered June 27, 1908, in the case of *Calenti* v. *Registrar of Property of Caguas* (14 P. R., 671), which is cited by appellant in support of his appeal, because in that case, in applying the provisions of article 234 above cited, the court's action was based on the fact that the instrument did really constitute a dissolution, liquidation, and division of the partnership assets.

What the instrument in this case really contains are two contracts—one in which the parties agree to dissolve the partnership and the other in which Luz Cerecedo, for herself and on behalf of her son, assigns all their rights and interests in the firm of Sobrinos de Joglar to the other partner, Higinio Joglar Díaz, in compensation of the waiver by the latter of his right to demand from the former the balance appearing against them as heirs of the partner, Francisco Joglar.

Although the dissolution of the partnership of Sobrinos de Joglar was a commercial transaction, the assignment of rights does not partake of that character notwithstanding the fact that it is contained in the same instrument, because it does not reveal an intention to trade and transact business for profit, and it is therefore a civil contract which must be governed by the code which treats of such matters.

Notwithstanding the fact that according to the Spanish Civil Code in force in this Island up to the year 1902, and the decision of this court in the case of *González* v. *Méndez et al.,* only property rights in real estate were considered as realty (article 334, subdivision 10), and judicial authorization was not necessary to convey rights other than property rights in real estate. Now, since the Revised Civil Code went into effect, not only property rights in real estate but any right established on any immovable possesses the character of real property according to section 336, and therefore rights which were not determined until after the liquidation of the firm of Sobrinos de Joglar belong to the minor son of the deceased partner and possess the character of real property, for the alienation or encumbrance of which judicial authorization is necessary, and such authorization not having been obtained in this case the rights of Francisco Joglar Cerecedo to one-half of the house forming a part of the partnership property cannot be recorded in favor of Higinio Joglar Díaz. We are

accordingly of the opinion that the decision of the Registrar of Property of San Juan should be affirmed.

*Affirmed.*

Mr. Chief Justice Hernández concurred.

Mr. Justice del Toro rendered a concurrent opinion in which Mr. Justice Wolf concurred.

Mr. Justice MacLeary did not take part in the decision of this case.

CONCURRENT OPINION OF MR. JUSTICE ·DEL TORO.

I concur in the opinion delivered in this case by my colleague, Mr. Justice Aldrey, except as to a part of the last paragraph, as I am of the opinion that both under the Spanish Civil Code and the Revised Civil Code now in force it was and is necessary to obtain judicial authorization in cases of this character.