[No. 1263.]

PHILIP REESE, APPELLANT, *v.* JAMES H. KINKEAD, EXECUTOR, ETC., RESPONDENT.

APPEAL — ERROR — EXCEPTIONS MUST BE TAKEN IN TRIAL COURT.— Where no exceptions are taken to the rulings of the court admitting certain evidence, the appellate court will not consider the alleged error, upon appeal.

ACTION TO ENFORCE VENDOR'S LIEN—DEFENSE OF FRAUD—SUFFICIENCY OF PLEADING TO SUSTAIN FINDINGS.—In an action against the vendee to enforce a vendor's lien, defendant pleaded "that said conveyance was not made for any good or valuable consideration, but with intent and for the express purpose to hinder, delay and defraud the creditors" of the vendor. The plaintiff failed to object to the sufficiency of the plea of fraud, and at the trial evidence was admitted to the effect that the plaintiff, at the time of making the conveyance, was largely indebted; also, other evidence upon the question of fraud between the parties. *Held*, that no objection having been made to the sufficiency of the plea of fraud, it was sufficient, under the evidence, to sustain the court's finding that the conveyance was fraudulent.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion of the Court.

*W. Webster,* for Appellant.

I. No fraud was pleaded. The mere recital of the statute of frauds is insufficient to justify the introduction of evidence as a predicate of fraud.

The averment in the answer in the matter of fraud is, " that said conveyance was not made for any good or valuable consideration, but with intent and for the express purpose to hinder, delay and defraud the creditors of Philip Reese," which averment contains only the terms of the statute of frauds.

The averment is the language of the statute saving in form, that the conjunctive is used for the disjunctive, which could not make the averment of any greater value in this case. (*Kinder* v. *Macy,* 7 Cal. 207; *Harris* v. *Taylor,* 15 Cal. 348; *Kohner* v. *Ashenauer,* 17 Cal. 579; *Meeker* v. *Harris,* 19 Cal. 289; 79 Am. Dec. 215.)

II. The deed from Reese to Crocker being absolute and for an expressed valuable consideration, the title was thereby vested ·in Crocker, and no trust can be declared in favor of Reese. Equity will therefore relieve him by decreeing a lien for the purchase money in the sum expressed in the deed. (2 Story Eq. Jur. Sec. 1218.) When the conveyance is expressed in the deed to be for a valuable consideration, parol evidence will not be received for the purpose of showing that the purchaser was to be merely a trustee for the vendor. But if it be proved that the purchase money was not paid, the vendor will have a lien on the property for the amount due. (Hill Trust, 171; *Philbrook* v. *Delano,* 29 Me. 410; *Rathbun* v. *Rathbun,* 6 Barb. 98.) Under proper circumstances a voluntary deed will be treated as a purchase and a vendor's lien, and not a trust declared. (*Leman* v. *Whilley,* 4 Russ. 427-428.) When there is a consideration expressed in the deed it operates as a bargain and sale. (*Pritchard* v. *Brown,* 4 N. H. 397; 17 Am. Dec. 431.) Had the conveyance by Reese to Crocker been a voluntary conveyance and not for the purpose shown by the testimony, it could not be a fraudulent transaction, from the fact that it is shown that the only debts Reese owed were paid and the notes taken up by him, and the notes were, in this case, submitted in evidence. It is shown by the

fact of payment that he had sufficient means remaining after the deed to Crocker to pay his debts; hence there could be no fraud if the deed had been a voluntary conveyance. (*Miles* v. *Richards*, Walk. (Miss.) 477; 12 Am. Dec. 584.)

*S. D. King*, for Respondent, contended that the state of the record precluded any consideration whatever of any of the points made by Appellant.

By the Court, LEONARD, C. J.:

This is an appeal from an order denying plaintiff's motion for a new trial in an action to enforce an alleged vendor's lien. Defendant Kinkead is the executor of the last will and testament and estate of R. H. Crocker, deceased, the grantee mentioned in the deed of conveyance, and the other defendants are legatees and heirs at law of said Crocker, deceased, who claim an interest in the real estate upon which the lien is claimed. In the answer it is alleged that "said conveyance was not made for any good or valuable consideration, but with intent and for the express purpose to hinder, delay and defraud the creditors of said Philip Reese, of their lawful suits, debts, and demands, at the time due and owing by the said Reese. Defendant further avers that, at the time said conveyance was made, it was upon the express agreement that said R. H. Crocker should not pay any sum of money in consideration thereof."

I. The first assignment of error is that "the court erred in admitting the letter offered by the defendant, over the objection of the plaintiff." The letter was from R. H. Crocker to Philip Reese, and it was offered in support of the assertion in the answer, and one of the defenses in the case, that the conveyance by Reese to Crocker was made for the purpose and with the intent to hinder, delay, and defraud the creditors of said Reese. Counsel for plaintiff objected to the introduction of the letter for the purpose of showing fraud between Crocker and Reese, on the ground that no issue had been made or tendered on that ground; that no allegation in the answer presented or tendered an issue upon any question involving fraud in the execution of the deed by Reese to Crocker; that the answer, in substance, recited the statute on the subject of fraud, without pleading any fact showing fraud between said Crocker

and Reese. The court overruled plaintiff's objections, and the letter was admitted in evidence. No exception was taken to the court's ruling, and it follows, therefore, that we cannot consider the alleged error.

II. The finding of fraud, and the entry of judgment in favor of defendants on the ground of fraud, are also assigned as errors, for the reasons stated above, against the admission of the letters in evidence, and the further reason that there was no evidence showing, or tending to show, that the plaintiff was in debt at the time of his conveyance to Crocker, with the exception of the demands upon which Crocker was liable as surety for Reese. It is undoubtedly the general rule that the findings and judgment of the court must be warranted by the pleadings; but it does not follow, necessarily, that the pleadings in this case do not justify the findings and judgment, even though a demurrer to the answer setting up fraud ought to have been sustained, if one had been interposed. After trial upon the merits, as though the issue of fraud had been properly made, there is a marked distinction between a general allegation of fraud, although defective, and an entire absence of an issue upon that question. In *King* v. *Davis*, 34 Cal. 106, the court say: "The point made by the appellants, that the answer does not make an issue of fraud, cannot be considered by us further than to say that it comes too late. The answer contains a general allegation of fraud, and the appellants went to trial upon the issue thus joined, without taking any exception to the answer on the score of sufficiency. Nor was any objection made by appellants to the testimony introduced by the respondent in support of the issue of fraud. On the contrary, that issue was assumed to have been properly made, and was tried upon its merits. Under these circumstances, an objection to the answer upon the ground that it does not contain a statement of the particular facts and circumstances constituting the alleged fraud, cannot be entertained by us." (See, also, *Crans* v. *Hunter*, 28 N. Y. 395.)

It is true that plaintiff objected in this case to the admission of the letter in evidence, on the ground that the issue of fraud had not been made, for the reason that the facts showing fraud had not been set up in the answer; but failing to except to the court's ruling, the error, if any, was waived, the objection went for naught, and the result is the same as though no objection

had been made.    We express no opinion upon the sufficiency of the answer upon the question of fraud, except to say that, upon the facts shown by the record, it sustains the finding of fraud, and the judgment in favor of defendants on that ground.

Counsel for appellant is mistaken in saying there was no evidence showing or tending to show that plaintiff owed debts other than the demands upon which Crocker was liable as surety for him.    The sister of Crocker testified as follows: " I don't think my brother was on the note from which Reese feared trouble; it was another note I had in mind.    Mr. Crocker said that Mr. Reese was indebted to the parties in Virginia, who would, in all probability, proceed against him, and that the deed was made to prevent that, to protect my brother.    *    *    *"
In view of the letter and other evidence admitted in the case, we cannot say that the finding of fraud was error.    The most favorable view that can be taken of the evidence is that there was a conflict.    The order overruling motion for new trial is affirmed.

BELKNAP, J., concurring:    I concur in the judgment.