TERRITORY, respondent, *v.* DOYLE, appellant.

CRIMINAL EVIDENCE. — *A bill of sale found upon the person of the accused is competent evidence for the prosecution.* — Upon the trial, under an indictment for grand larceny, the prosecution introduced in evidence a bill of sale found upon the person of the accused at the time of his arrest. The accused was indicted for the larceny of two mules. The brands of the mules did not exactly correspond with those of the two mules described in the bill of sale, and the vendee therein was one Murphy. *Held*, that the bill of sale was properly admitted in evidence, and that it was for the jury to decide, in connection with the other evidence before them, whether or not it was a forgery, and whether or not the accused claimed any right to the mules thereunder.

CRIMINAL PRACTICE. — *A jury in a criminal case may take with them to the jury-room writings introduced in evidence.* — In the case at bar, the court permitted the jury to take with them in their retirement an account-book and bill of sale found in the possession of the accused when arrested: *held*, that in criminal cases, in the absence of any statute forbidding such a practice, it is within the discretion of the trial court to permit the same, subject only to review on a manifest abuse thereof.

*Evidence held sufficient proof of larceny.* — In the case at bar, the evidence showed that the mules alleged to have been stolen had been turned loose by the owner on his range; that he had missed them upon the range; that he had never seen them again until they were delivered to him by a constable in a city eighty miles from his range; that he never sold the mules, and was still the owner of them; that a constable had found them in the possession of the accused at a great distance from their range: *held*, that the evidence was sufficient to prove the fact that a theft had been committed.

*The fact of recent possession of stolen property alone will not justify conviction.* — The recent possession of stolen property is not of itself sufficient to justify a conviction of the possessor as a thief.

*Evidence held sufficient to support conviction.* — In the case at bar, the distance that the accused was from the range where the mules had been turned loose, his having lately traveled from that country, his being on his way out of the territory in the dead of winter, his having a forged bill of sale in his possession, and the unsatisfactory story he told on the witness-stand, are circumstances sufficient to justify the jury in finding a verdict of guilty.

*Appeal from District Court, Custer County.*

W. A. BURLEIGH and J. H. GARLOCK, for the appellant.

" The proceedings prescribed by law in civil cases in respect to the impaneling of jurors, . . . . and the rendering of their verdict, shall be had upon trials of in-

dictments and prosecutions for criminal offenses." Rev. Stats. Mont., p. 327, secs. 292, 293. In this case, upon the trial, the jury were permitted to take with them to the jury-room an account-book. In section 257 of the Revised Statutes, at page 87, it is provided that no such books of account and documents as are here referred to shall be taken by the jury when they retire to consider of their verdict. A larceny must always be proved before there can be any presumption as to who is the thief. *State* v. *Cassady,* 12 Kan. 553; 1 Am. Crim. Rep. 573; Roscoe's Criminal Evidence, 643, 644; *State* v. *Moon,* 41 Wis. 684. The *corpus delicti,* the proof of which is essential to sustain a conviction, consists of a criminal act; it must be proved affirmatively, in such a case as this, that a larceny has been committed; to sustain a conviction, there must be proof of the defendant's guilty agency in the production of such act. Wharton's Criminal Evidence, secs. 324, 325; *People* v. *Kennedy,* 32 N. Y. 141. The *corpus delicti* must be proved by clear and conclusive evidence before the defendant can be convicted. Wharton's Criminal Evidence, sec. 324, and cases therein cited. On a trial for larceny, evidence of the recent possession of stolen property is not, of itself, sufficient to justify a conviction. *People* v. *Chambers,* 18 Cal. 383; *People* v. *Ah Ki,* 20 Cal. 178; *People* v. *Noregea,* 48 Cal. 123; *Galloway* v. *State,* 41 Tex. 289; 1 Am. Crim. Rep. 437; *State* v. *Hale,* 6 Am. Crim. Rep. 755 (Or.), and cases cited; *State* v. *Tilton,* 18 N. W. Rep. 716 (Iowa); *Ingalls* v. *State,* 4 N. W. Rep. 785; *People* v. *Swinford,* 57 Cal. 86. It will be necessary for the prosecution to add the proof of other circumstances indicative of guilt, in order to render the naked possession of a thing available towards a conviction. 3 Greenl. Ev., sec. 31. Where the person in whose possession stolen property is found gives a reasonable account of how he obtained such possession honestly, it is incumbent on the prosecution to show by

other evidence that the defendant's account is false, before he can be convicted of larceny. 2 Archbold's Pl. & Pr., p. 1198, sec. 370; *State* v. *Merrick*, 19 Me. 398, in note to Roscoe's Criminal Evidence, 19–21; *Regina* v. *Crowhurst*, 47 Eng. Com. L. 370; *People* v. *Elster*, 3 Pac. Rep. 887; *State* v. *I En*, 10 Nev. 277; *State* v. *Reid*, 20 Iowa, 413; *State* v. *Hodge*, 50 N. H. 510; *Way* v. *State*, 35 Ind. 409; *Jones* v. *State*, 30 Miss. 653; *Blote* v. *State*, 34 Miss. 96; *Garcia* v. *State*, 26 Tex. 209; *Smith* v. *State*, 41 Tex. 168; *Ruston* v. *State*, 10 Tex. App. 634; *Ingalls* v. *State*, 1 Crim. Law Mag. 476 (Wis.). "Every other reasonable supposition by which the facts may be explained consistently with the hypothesis of innocence must, therefore, be , rigorously examined and successively eliminated; and only when no other supposition will reasonably account for all the conditions of the case, can the conclusion of guilt be legitimately adopted." Wills on Circumstantial Evidence, rule 4, pp. 190, 191, and authorities there cited.

GEORGE R. MILBURN, County Attorney, and ARTHUR H. O'CONNOR, for the respondent.

The permission of the court to the jury to take the papers into the jury-room, if error, should have been objected to at the time, and an exception taken; but this was not done. The consent of both parties is presumed, as neither objected. *State* v. *Nichols*, 13 N. W. Rep. 153. The book referred to was not an account-book, but a memorandum-book and diary. Books of account in Revised Statutes, section 257, page 87, mean such as may be admitted in evidence, under the rules, in a trial in which accounts are at issue. The book in question is not such. *Ryan* v. *Dunphy*, 4 Mont. 356. Articles of the nature of this book may properly be introduced in evidence, and taken to the jury-room, the reasons for excluding from the jury-room depositions and books of

account not applying. *Doctor Jack* v. *Territory*, 2 Wash. 101; *People* v. *McCordy*, 10 Pac. Rep. 207 (Cal.). Nor do sections 292 and 293, Revised Statutes, page 327, make the provisions of section 257, Revised Statutes, page 87, apply to the criminal procedure. The *corpus delicti*, in a larceny case, cannot be entirely proven by direct testimony; but the intent being the gist of the crime, it must be inferred from all the circumstances in the case. Although the possession of stolen property does not establish a *prima facie* case, still it is evidence that the jury is entitled to consider with the other facts and circumstances in the evidence. If the rule contended for by appellant, that the explanation given by the defendant (solely by his own testimony) of his possession of the stolen property must be rebutted by the prosecution, should prevail in this case, the statute will be nullified which provides that the jury are the exclusive judges of his credibility. Rev. Stats. Mont., p. 153, sec. 601, p. 357, sec. 15. Upon a mere question of fact, it requires a strong, clear case to authorize the appellate court to set aside a verdict for the reason that the same is not warranted by the evidence. As Chief Justice Wade says, in the opinion referred to below, "all presumptions are in favor of the verdict." *Territory* v. *Reuss*, 5 Mont. 605.

THE opinion states the case.

McLEARY, J. The appellant in this case was convicted of the larceny of two mules, and sentenced to seven years' confinement in the territorial prison. The errors complained of will be examined *seriatim*.

1. It is alleged as an error that the court admitted in evidence a certain bill of sale found on the defendant when he was arrested. There was no error in admitting this bill of sale in evidence. The defendant had it in his possession, and it described the stolen mules which

he was driving. The fact that the brands did not exactly correspond, and that the vendee in the bill of sale was one Murphy, and not defendant, was properly left to the jury, with the other evidence tending to prove it to be a forgery; and whether it was or was not in the handwriting of the defendant, and whether or not he claimed any right to the mules thereunder, were circumstances for the consideration of the jury.

If the witness Bell, who testified in regard to the bill of sale, was not the person who made the bill of sale, or was supposed to be the maker, or if any other person named Bell made it, such matters could have been proven by the defendant; and these circumstances would have been properly submitted to the jury with the other evidence.

2. It is alleged as an error that the court permitted the jury to take with them in their retirement an account-book and the bill of sale found in defendant's possession when he was arrested. It is argued that in civil cases jurors are not allowed to take with them account-books in their retirement, and that the same rule applies in criminal cases. We are not aware of any statute applying this rule to criminal trials; and in the absence of any statute forbidding such a practice, it remains within the discretion of the trial court, subject only to be reviewed on a manifest abuse thereof. Such a statute could not, from the nature of the case, apply to a criminal case. Besides, the book was not an account-book, properly so called, but a mere memorandum-book, containing a diary and a table of distances between certain points.

3. It is complained that there is no proof that a larceny had been committed in this case at all. After reading the testimony, it is hard to see how this objection can be maintained with so much apparent earnestness. The testimony of Kelly is plain and unequivocal

that he turned these mules loose on the range in Wolf Mountains, west of Tongue River, and that they were missing from the range, and that he never saw them again till they were delivered to him by the constable in Miles City, eighty-five miles from his range on Tongue River; that he never sold these mules, and was still the owner. The constable, Russell, testified that he found the mules in the possession of defendant, at a great distance from their range, in the Wolf Mountains. No juryman of reasonable intelligence could doubt that a theft had been committed.

4. It is further claimed by the appellant that the evidence is not sufficient to support the verdict. That the recent possession of stolen property is not of itself sufficient to justify a conviction of the possessor as a thief, is a principle very well settled, and the court so charged the jury. But other circumstances nearly always surround the transaction, to throw light upon the possession. And it is so in this case. The distance that the defendant was from the range on Tongue River, his having lately traveled from that country, and his making his way towards Deadwood, out of the territory, in the dead of winter, his having a forged bill of sale in his possession, and the unsatisfactory story that he told on the witness-stand, are all circumstances sufficient to justify the jury in finding a verdict of guilty. Besides, the witnesses and all the evidence were before the trial court, and that court not only refused a new trial, but inflicted much above the minimum penalty. We cannot, from the record, find anything which would justify us in reversing the decision of that court, which seems to us to have been properly exercised.

There being no error in the judgment, nor in the order refusing a new trial, they are both accordingly affirmed.

*Judgment affirmed.*

MCCONNELL, C. J., and GALBRAITH, J., concur.