STATE, RESPONDENT, *v.* TAYLOR, APPELLANT.

(No. 3,715.)

(Submitted November 3, 1915.   Decided November 17, 1915.)

[153 Pac. 275.]

*Criminal Law—False Pretenses—Evidence—Insufficiency.*

1.   Under the rule that a conviction of crime may not be based upon conjecture or probabilities, evidence in a prosecution for obtaining money by false pretenses alleged to have been made in the sale of a business, *held* insufficient to warrant conviction.

[As to the crime of obtaining goods by false pretenses, see notes in 21 Am. St. Rep. 265; 25 Am. St. Rep. 378.]

*Appeal from District Court, Silver Bow County; Michael Donlan, Judge.*

H. F. TAYLOR was convicted of obtaining money by false pretenses, and appeals from the judgment and from an order denying his motion for a new trial. Reversed and remanded, with directions to discharge defendant.

*Messrs. Nolan & Donovan,* for Appellant, submitted a brief; *Mr. L. P. Donovan* argued the cause orally.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. C. S. Wagner,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Wagner* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

H. F. Taylor appeals from a judgment of conviction, after verdict, and from an order denying him a new trial. The basis of

the judgment is the charge, elaborately set forth in the information, to the effect that the appellant feloniously obtained certain moneys from one Ethel Schad by willfully and falsely pretending and representing to her: "That he was the owner of a stock of merchandise, two sewing-machines, and tools for carrying on and conducting the business of manufacturing corsets, and that he was the owner of and had a corset trade extending throughout the states of Montana, Arizona and California, and that his stock of merchandise and corset trade and corset business was worth the sum of three thousand ($3,000) dollars, and that he represented to the said Ethel Schad that he would sell a one-half interest in the stock of merchandise and his corset trade and business to, and take the said Ethel Schad as an equal partner in the business for the sum of fifteen hundred ($1,500) dollars; whereas in truth and in fact the said H. F. Taylor did not have any and was not the owner of any corset trade or business, and that the stock of merchandise, two sewing-machines, and tools were not worth more than four hundred ($400) dollars, as he, the said H. F. Taylor, then and there well knew."

Fifty alleged errors are assigned. They present the sufficiency of the evidence and various questions of practice; but the view which must be taken of the former, renders it unnecessary to consider the latter, further than to say that some of these assignments have merit, though for the most part they are unsubstantial.

It may be acknowledged at the outset that, according to this [1] record, the appellant appears to be an undesirable citizen, and this fact, coupled with an obvious reluctance on his part to meet the charge against him, doubtless accounts for his conviction. The prosecution, however, was for a violation of section 8683, Revised Codes, and, to support it, evidence of the falsity of the representations charged was indispensable. According to the information, these representations or pretenses were false, not because the appellant had inordinately exaggerated the value of his corset business and equipment, but because he had no corset business at all. The only evidence suggested as sufficient proof

of this is presented by the testimony showing transactions with other persons of a character similar to the one in question, and by the circumstances that on one occasion appellant was seen "with a gentleman who was sharpening razors," and on another he was discovered in a window arranging a display of corn cures, and on another he was found at a table on a street corner writing cards. As to his dealings with others than the complainant it may be said that in law they cannot, and in fact they do not, establish or tend to establish the falsity of his claim to a corset business; they were admissible solely to show his intent in dealing as he did with the complainant, presupposing his transaction with her to be of the character alleged; they show indeed that, using his corset business as a bait, he was willing to take a most contemptible advantage of the hopes and ambitions of industrious women; but this is unavailing under the allegations of the present information, if in fact he had such a business. As to the other circumstances, we feel quite unable to say just how far being seen "with a gentleman who was sharpening razors," or displaying corn cures or engrossing cards, may be evidence of total depravity; but it does not seem to us that they are necessarily conclusive as regards the corset business. How much of appellant's time was thus spent is not disclosed, and the most that can be said is that if he gave much to these extraneous matters he could have had no corset business which took all his attention, or that—like many better men—he was neglecting his business; but he is not charged with claiming the first of these alternatives, and he cannot be punished by law for the last. Against these negative circumstances, whatever be their evidentiary value, we have the positive testimony of the complainant herself, as well as of the other persons with whom the appellant dealt, to the effect that he did have a corset trade or business in the city of Butte at least.

It is not suggested that the information can be construed as charging the falsity of appellant's representations to consist in the fact that he had no corset trade or business of the scope and value represented; but if such was the theory of the trial, the evi-

dence is still deficient. Reading between the lines of this record, balancing probabilities, and considering the reticence of appellant, one might reasonably question the truth of any such representation; but it could be true so far as any necessary inference from the facts disclosed are concerned. Convictions may not be founded upon conjecture, however shrewd, nor upon probabilities, however strong. (*State* v. *McCarthy,* 36 Mont. 226, 92 Pac. 521.)

We are therefore compelled to hold that the crime charged in the present information has not been sustained by the evidence contained in this record. Whether a conviction upon ampler evidence under another or amended information would stand, is not now before us.

The judgment and order appealed from are reversed, and the cause is remanded, with directions to discharge the defendant, appellant in this court.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.