STATE, RESPONDENT, *v.* POSTAL TELEGRAPH CABLE CO., APPELLANT.

(No. 3,907.)

(Submitted November 23, 1916.   Decided December 18, 1916.)

[161 Pac. 953.]

*Criminal   Law—Horse-races — Betting—Telegraphs—Transmission of Information—Evidence—Insufficiency—Circumstantial Evidence—Trial—Exceptions.*

Criminal Law—Circumstantial Evidence—*Quantum* of Proof.
    1.   Where a conviction is sought upon circumstantial evidence alone, the circumstances proved must not only be consistent with each other and with the hypothesis of defendant's guilt, but inconsistent with any rational hypothesis other than defendant's guilt.
    [As to circumstantial evidence, see notes in 62 Am. Dec. 179; 97 Am. St. Rep. 771.]

Same—Conviction—Conjecture Insufficient Basis.
    2.   A conviction cannot be founded upon conjecture, however shrewd, nor upon probabilities, however strong.

---

The question as to whether chain theory applies where the evidence is wholly circumstantial is discussed in a note in 41 L. R. A. (n. s.) 749.

Same — Horse-races — Betting — Evidence — Insufficiency — Telegraphs
—Transmission of Information.
    3.   Evidence *held* insufficient to justify conviction of a telegraph
company for transmitting information for the purpose of having a
bet or wager made upon a horse-race in violation of Chapter 55,
Laws of 1915.
Same—Trial—Exceptions—Duty of Court.
    4.   An exception to an adverse ruling by the district court is a
matter of right—not one of grace or discretion on the part of the
court—and when taken, the court stenographer must enter it.
Same—Horse-races—Betting—Transmitting  Information—Precautionary
Instruction.
    5.   Since the offense denounced by Chapter 55, Laws of 1915, con-
sists in transmitting information concerning a horse-race for the
purpose of having bets or wagers made, an instruction should be
given in a prosecution for such an offense that it is not wrongful
to transmit such information if bets or wagers are not to be made.

*Appeal from District Court, Silver Bow County; Michael
Donlan, Judge.*

THE POSTAL TELEGRAPH CABLE COMPANY was convicted of
communicating and transferring information for the purpose of
having a bet or wager made upon a horse-race, its motion for
new trial was overruled, and it appeals. Reversed and
remanded.

*Mr. William Meyer,* for Appellant, submitted a brief and
argued the cause orally.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. C. S. Wag-
ner,* Assistant Attorney General, for Respondent, submitted a
brief.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

The Postal Telegraph Cable Company was convicted of com-
municating and transferring information for the purpose of
having a bet or wager made upon a horse-race, and appealed
from the judgment and from an order denying its motion for a
new trial.

The evidence discloses: That about January 18, 1916, two
[3] saloon-keepers in Butte were making and registering bets

upon horse-races presumably being run at Juarez, Mexico, and New Orleans, Louisiana; that the necessary information concerning the races was furnished to the bookmakers by one Harris; that Harris employed a stenographer to make copies of the race-sheets, which disclosed the character of the races, the names and numbers of the entries, the names of the riders, the betting odds, *etc.,* which sheets were thereafter delivered to the bookmakers; that the stenographer had an office or workroom in the Pennsylvania Block, in Butte; that messenger boys from the defendant company's office were seen frequently going from the telegraph office to the Pennsylvania Block; that on January 15, 1916, Walter Reed delivered to a messenger from defendant's office a message for transmission to Kansas City; that a reply was received, but not over the defendant's line; that on one occasion, when the report of the races was delayed, one of the bookmakers went from his place of business to the defendant's office, and upon his return reported that "there was wire trouble; the results would be coming in very shortly"; that on another occasion the other bookmaker visited the defendant's office; that on January 17, 1916, C. C. Slavens sent a code message by the Western Union Telegraph Company to the Thiel Detective Agency in Kansas City; that on January 18 the clerk of the Butte Hotel delivered to Slavens a paper in the form of message blanks used by the defendant, upon which was printed and written the following:

"Bo Kansas City Mo Jany 18–16.
"C. C. Slavens, Butte Hotel, Butte, Mont.
"Bet on Quiz fifth race to-day at Juarez straight, place and show.

"HENDERSON."

that the Western Union, the Continental and the Postal Telegraph Companies were engaged in business in Butte; that in addition there were three or more private wires into Butte, and telephone and letter communications reaching Butte. There was evidence tending to show that the Slavens message was not transmitted by either the Western Union or Continental.

The foregoing fairly epitomizes the material evidence in the case, and much of this was purely hearsay, introduced over the objections of the defendant.

It will be observed that there is not a scintilla of direct evidence connecting the defendant with the violation of Chapter 55, Laws of 1915, the statute under which this prosecution was [1] sought to be maintained. This fact alone is not significant, for circumstantial evidence is legal evidence, and if it is of such quantity and quality as to establish a defendant's guilt beyond a reasonable doubt, it will sustain a conviction. It is the rule in this state, however, that where a conviction is sought upon circumstantial evidence alone, the circumstances proved must not only be consistent with each other and with the hypothesis of defendant's guilt, but inconsistent with any rational hypothesis other than his guilt. (*State* v. *Chevigny,* 48 Mont. 382, 138 Pac. 257; *State* v. *Suitor,* 43 Mont. 31, Ann. Cas. 1912C, 230, 114 Pac. 112; *State* v. *Allen,* 34 Mont. 403, 87 Pac. 177.)

The statute in question declares it to be a misdemeanor for anyone to make, report, record or register a bet upon the result of a contest of speed of an animal, and likewise makes everyone a principal offender who aids or abets such unlawful acts by transmitting, communicating or transferring information for the purpose of having such a bet made, reported, recorded or registered. There is not any evidence indicating the source from which or through which Harris received the information which he furnished to the bookmakers. The Reed telegram does not fall under the ban of this statute, and the answer to it was not transmitted by the appellant. Assuming, for the purpose of this appeal only, that the Slavens message contains information the transmission of which would constitute a crime, the record is barren of any evidence that it was communicated by the defendant. The clerk of the Butte Hotel was not called as a witness. From whom, if from anyone, he received the message; whether such a message was ever delivered to the defendant at Kansas City for transmission, or was ever transmitted by defendant; whether the message was a *bona fide* one or one pre-

pared in Butte—are all questions left without any evidence whatever to suggest their solution. Indeed, the evidence as a whole does not do more than furnish an uncertain basis for a vague suspicion that possibly defendant may be guilty, but in this state the rule is declared by statute "that in criminal cases guilt must be established beyond reasonable doubt." (Rev. [2] Codes, sec. 8028.) A conviction cannot be founded upon conjecture, however shrewd, nor upon probabilities, however strong. (*State* v. *McCarthy*, 36 Mont. 226, 92 Pac. 521; *State* v. *Taylor*, 51 Mont. 387, 153 Pac. 275.)

In the first instance, it was competent for the state to show that race-track gambling was being conducted in Butte, the methods by which bets were made and recorded, and the paraphernalia used. This evidence became immaterial, however,. unless the prosecution followed it up by proof that the defendant aided or abetted such unlawful acts. So much of the evidence introduced upon the trial of this case was hearsay, and consisted of declarations of third parties not made in the presence of the defendant or any of its agents, that to review every error predicated upon the rulings admitting it would extend this opinion to an unreasonable length. It is altogether improbable that such errors can occur upon a second trial.

During the course of the trial, counsel for defendant sought [4] to have an exception entered, but the court remarked: "Your exception is denied." It certainly never could have occurred to anyone before that an exception to an adverse ruling by a court is a matter of grace or discretion upon the part of the court. An exception is a matter of right, and, when taken, the duty of the court stenographer to enter it is imposed by law (Rev. Codes, sec. 6375), any opinion of the trial court to the contrary notwithstanding.

Under the statute in question it is not an offense to transmit [5] information concerning a horse-race unless done "for the purpose of having bets or wagers made or reported or recorded or registered." An instruction upon this subject should have

been given, to the end that the jurors might receive a correct impression of the purpose of the statute.

With the exception of the last sentence, defendant's offered instruction 10A correctly states the law, but with that sentence added it might have misled the jury, and for this reason we think the court was not in error in refusing it.

The judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.