STATE, RESPONDENT, v. EVANS, APPELLANT.

(No. 4,448.)

(Submitted May 31, 1921.   Decided June 20, 1921.)

[199 Pac. 440.]

*Criminal Law—Grand Larceny—Possession of Stolen Property —Inferences—Instructions—Appeal and Error.*

Grand Larceny—Possession of Recently Stolen Property.
1.   While mere possession of recently stolen property is not sufficient to justify conviction for larceny, such fact, supplemented by others inconsistent with the idea that the possession is honest, makes a case sufficient to submit to the jury.

Same—Possession of Recently Stolen Property—Sufficiency of Case to Go to Jury.
2.   In the absence of direct and positive evidence that defendant stole a steer with the larceny of which he was charged, his possession of the meat of the animal and his exercise of ownership over it, under circumstances indicating knowledge of where the animal came from, furnished a basis for the inference that he killed it, sufficient to justify submission of the case to the jury.

Appeal and Error—Instructions—When not Reviewable.
3.   Under section 9271, Revised Codes, only those instructions to which objection was made at the time of settlement can be considered on appeal.

Trial—Instructions must Relate to Facts.
4.   Instructions to the jury must relate to the facts given in evidence in the particular case.

Grand Larceny—Recently Stolen Property—Burden of Proof.
5.   In a prosecution for grand larceny, an instruction on the effect of possession of stolen property, which did not charge that, if defendant's explanation raised a reasonable doubt, the burden was on the state to prove the falsity thereof, was not erroneous, in view of other instructions meeting such objection, which were not objected to.

Same—Reasonable Doubt—Improper Instruction.
6.   An instruction that where the evidence shows that the property charged to have been stolen was stolen by someone, and that the defendant was recently in possession of it, it is wholly immaterial how strong the state's case may be, he cannot be convicted if the evidence offered by him is sufficient to raise a reasonable doubt of his guilt, though the explanation may not be reasonable, probable, satisfactory or true, was properly refused, the substance thereof having been covered by other instructions, and the form of it objectionable.

Same—Instructions—Proper Refusal When Subject Covered by Other Instructions.
7.   The refusal of an instruction in a larceny case that there must be, in addition to proof of possession of the stolen property, proof

---

1.   On possession of recently stolen property as evidence of larceny, see note in 12 **L. R. A.** (n. s.) 199.

of corroborating circumstances tending of themselves to establish guilt, was not error, the court having charged the jury that mere possession of such property was not sufficient to justify conviction, and that, in addition to personal and exclusive possession involving a distinct and conscious assertion of property rights by defendant, there must be other evidence.

*Appeal from District Court, Sheridan County; John Hurly, Judge.*

CHARLES EVANS was convicted of grand larceny, and he appeals. Affirmed.

*Messrs. Babcock & Ellery,* for Appellant, submitted a brief; *Mr. Paul Babcock* argued the cause orally.

In *State* v. *Trosper,* 41 Mont. 442, 109 Pac. 858, this court held that where the state is endeavoring to convict largely by showing possession of recently stolen property it must establish (1) that the property was stolen by someone, and (2) that the defendant was recently in possession of it. In *Territory* v. *Doyle,* 7 Mont. 245, 14 Pac. 671, *State* v. *Sullivan,* 9 Mont. 174, 22 Pac. 1088, and *State* v. *Willette,* 46 Mont. 326, 127 Pac. 1013, the court held that the possession of property by the defendant soon after it had been stolen is not sufficient of itself to justify his conviction, but that there must be other circumstances outside of, and independent of, the possession of the property tending to show that the possession is felonious. (See, also, *People* v. *Horton,* 7 Cal. App. 34, 93 Pac. 382.) Under the Montana cases, where the state seeks a conviction primarily by showing possession of recently stolen property, the state must establish (1) that the property is stolen property and (2) that the defendant was recently in possession of it; and (3) proof of corroborating circumstances tending of themselves to establish guilt. In giving instruction No. 7, the court removed at least two of the three elements of fact from the jury, for in it the court assumed as a fact that the property described in the information was recently stolen and that the same came into the possession of the defendant. The court in assuming in this

instruction that the property described in the information was recently stolen property and that the same had come into the possession of the defendant invaded the province of the jury, and erred to the prejudice of the defendant. (*State* v. *Allen,* 34 Mont. 403, 87 Pac. 177; *Lujan* v. *State,* 16 Ariz. 123, 141 Pac. 706; *State* v. *Lewis,* 56 Kan. 374, 43 Pac. 265; *People* v. *Lang,* 104 Cal. 363, 37 Pac. 1031; *Heivner* v. *People,* 7 Colo. App. 458, 43 Pac. 1047; *State* v. *Mackey,* 12 Or. 154, 6 Pac. 648.)   The defendant's specification of error No. 5 relates to the court's refusing to give defendant's requested instruction No. 3 and in giving in lieu thereof the court's instruction No. 5.   The defendant's requested instruction No. 3 and the court's instruction No. 5 are identical, save that the court refused to give the last clause of defendant's requested instruction No. 3.   This clause is: ''There must be in addition to proof of possession of stolen property proof of corroborating circumstances tending of themselves to establish guilt.''   In *Territory* v. *Doyle, State* v. *Sullivan, supra,* and in *State* v. *Willette, supra,* this court held that the possession of property by the defendant soon after it had been stolen is not sufficient of itself to justify a conviction, but there must be other circumstances outside of, and independent of, the possession of the property tending to show that the possession is felonious.   The supreme court of California has adopted a similar rule.   The defendant's requested instruction No. 2 was approved in the case of *People* v. *Horton, supra.*   Under the former decisions of this court, the court should have given the instruction requested by the defendant.

The verdict is contrary to the evidence.   The state at the trial put great reliance upon the case of *State* v. *Kneeland,* 39 Mont. 506, 104 Pac. 513.   In that case the state's evidence established on the part of the defendants personal and exclusive possession of recently stolen property, and possession which necessarily involved a distinct and conscious assertion of property rights therein.   The evidence also established clear, specific and unqualified admissions on the part of the defend-

ant that he had killed the animals. In the case at bar, the record does not establish the personal and exclusive possession by the defendant of the steer described in the information or of the butchered carcass of the steer described in the information, and there is nowhere in the record one scintilla of evidence tending in any way to show an admission on the part of the defendant that he killed the steer. Even a superficial examination of the Kneeland case will establish this distinction. This court has repeatedly held that when a conviction is sought upon circumstantial evidence, the proof must be such as not only to authorize a belief in the guilt of the accused, but also to exclude every other reasonable hypothesis. Granting for the purpose of argument, as this court stated in the case of *State* v. *Mullins*, 55 Mont. 95, 173 Pac. 788, that the conjectures, the suspicions and probabilities are all that the defendant did feloniously kill the steer described in the information, still the defendant may not be convicted on conjectures, however shrewd, or suspicions, however justified, or probabilities, however strong, but only upon evidence that establishes guilt beyond a reasonable doubt; that is, upon proof such as to legally sustain the conviction that the charge is true. (*State* v. *Postal Telegraph & Cable Co.*, 53 Mont. 104, 161 Pac. 953; *State* v. *Seiff*, 54 Mont. 165, 168 Pac. 524; *State* v. *Taylor*, 51 Mont. 387, 153 Pac. 275; *State* v. *Suitor*, 43 Mont. 31, Ann. Cas. 1912C, 230, 114 Pac. 112; *State* v. *Seymour*, 7 Idaho, 548, 61 Pac. 1033.)

*Mr. S. C. Ford*, Attorney General, and *Mr. Otto A. Gerth*, for Respondent, submitted a brief; *Mr. L. A. Foot*, Assistant Attorney General, argued the cause orally.

MR. CHIEF COMMISSIONER POORMAN prepared the opinion for the court.

This is an appeal from the judgment entered upon a verdict finding the defendant guilty of the crime of grand larceny and from the order of the court overruling the defend-

ant's motion for a new trial. The information charges that
the defendant, on or about the thirtieth day of September,
1917, committed the crime of grand larceny by the stealing of
a certain black steer, then the property of one Sam Falkin-
burg.

The errors assigned relate to the sufficiency of the evidence
to sustain the verdict and to the action of the court in re-
fusing instructions offered by the defendant, and also in
giving certain instructions to the jury. The question relating
to the sufficiency of the evidence has necessitated the critical
examination of the entire record.

The state's evidence tends to show that the animal described
in the information was owned by Falkinburg, and was in his
field on the twenty-ninth day of September, 1917; that he
missed the animal on the following day, and in his search
therefor met the defendant, and asked him if he had seen
the animal, and the defendant answered, "No," and asked
Falkinburg if he had looked around the Y, meaning the Y
track used by the railroad. Two days later defendant said to
Lou Gridley in Bainville, where he was then working: "I got
some beef out there. I killed a beef. There is some beef out
there. It is getting warm and going to spoil, and you and Roy
can have a quarter apiece." Witness qualified his testimony
by saying he was not positive that defendant used the words:
"I killed a beef," but he did say something to the effect
that he had some beef out there. That evening Gridley and
defendant went to the Evans ranch, where they found the
beef covered with weeds, in the bottom of a ravine several
hundred feet from defendant's house. They loaded three
quarters on the car, but after going some distance one quarter
was thrown off, because of the load being too heavy. One of
the quarters taken was retained by Gridley, and the other
was delivered to Roy Evans. Similar statements were made
by defendant to Roy Evans, and also to Thomas Quinn, who
went with defendant and got one quarter of the beef, which
was in the same condition as that delivered to Gridley.

On October 3, defendant met Falkinburg at Bainville, and asked him if he had found his steer. Falkinburg replied that he had not, and then told defendant that he, Evans had been seen driving the steer away at 2 o'clock in the morning, and if defendant would tell him which way he drove the animal, he, Falkinburg, would go and get it. Defendant then said, "You can't get that steer * * * because he is dead," and accused "two hoboes in town" with killing him. Defendant was informed by Charles Council, deputy sheriff, that, to convict the men whom defendant had accused, it would be necessary to have more of the meat or the hide, and offered to go with defendant to get them, but defendant said: "No, I don't want you or Sam Falkinburg to go along, as the people out there will get suspicious, and I can't get the meat."

Herbert Ditmer, an auto driver, was then engaged to go with defendant. On their return defendant stated that someone had stolen the hide, but he brought back the head, which he recognized as the head of the Falkinburg steer. Ditmer testified: "When we got to the creek bottom, Evans got out, We walked to the north about two rods. We went into this creek bottom, and he showed me a little hole, and told me to uncover it, and I did. It seemed to be an old badger hole, about a foot wide and two feet long. It was covered with dry grass. When I uncovered it, I found the head of a black steer." On the next day, defendant and Ditmer went back to the Evans ranch, and by direction of defendant Ditmer found one quarter of the beef covered with hay or weeds, and about one-half mile from where they found the head the day before. The deputy sheriff and Falkinburg then went to the Evans ranch, and found where the animal had been killed, found the entrails, and there found the hide stretched on the ground, hair side up, and not covered or otherwise concealed.

Mrs. Falkinburg testified that on October 4, in a conversation relative to the steer, defendant said: "Don't feel bad. I will give you a cow in place of it." The defendant did not

tell Falkinburg of the finding of this meat until after he had disposed of it to other parties, although he knew prior to that time that Falkinburg was looking in that locality for his lost animal. Defendant knew where this meat was concealed, knew where the head was concealed, in a badger hole, and when he saw the head he knew it belonged to the Falkinburg steer, and on October 3, defendant said to Falkinburg that the steer was dead; hence the inference is plain that the defendant knew this meat was the meat of the Falkinburg steer, still knowing this, he disposed of it, leading the parties to believe it was his own.

The facts put in evidence by the state, in the absence on the part of defendant of evidence raising a reasonable doubt [1] as to defendant's guilt, were sufficient to sustain a verdict of conviction. The defendant, in his evidence, denied some of these facts, and gave an explanation of his connection with this animal and the beef thereof, which was generally to the effect that he had found the beef there on October 1, but had had no hand in killing it; that he had seen a stranger there in that vicinity at that time; that he had not taken or used any of the meat himself. Most of defendant's evidence was explanatory, but an issue of fact was raised which it was the function of the jury to determine. It is beyond question, from the facts appearing in this record, that the defendant was in possession of the meat of the animal described in the information, claiming to be the owner thereof. It has been many times held by this court that mere possession of property recently stolen is not sufficient of itself to justify conviction. When, however, this fact is supplemented by other facts inconsistent with the idea that the possession is honest, a case is made sufficient to submit to the jury. (*State* v. *Sparks,* 40 Mont. 82, 135 Am. St. Rep. 608, 19 Ann. Cas. 1279, 105 Pac. 87; *State* v. *Willette,* 46 Mont. 326, 127 Pac. 1013.)

The United States supreme court has gone even further, wherein it is held: "Possession of the fruits of crime, recently after its commission justifies inference that the posses-

sion is guilty possession, and, though only *prima facie* evidence
of guilt, may be of controlling weight, unless explained by the
circumstances or accounted for in some way consistent with
innocence.'' (*Wilson* v. *United States,* 162 U. S. 613, 619, 40
L. Ed. 1090, 16 Sup. Ct. Rep. 895, 898.)     Although there was
[2] not any direct and positive evidence that the defendant
stole the animal described in the information, the possession
by the defendant of the meat of the animal and his exercise of
ownership over it under the circumstances here indicated,
furnish a basis for the inference that he killed the animal,
and the evidence was sufficient to justify the court in sub-
mitting it to the jury.     In connection with the authorities
above referred to, we may here call attention to the provisions
of section 7853, Revised Codes.

Appellant claims that the court committed error in giving
[3] instructions Nos. 5, 7, 8 and 8½, but the record discloses
that instruction No. 7 is the only one to which any objection
was made at the time of the settlement of the instructions, and
for that reason instruction No. 7 is the only one that can
now be considered.  (Sec. 9271, Rev. Codes; *State* v. *Thomas,*
46 Mont. 468, 128 Pac. 588; *State* v. *Crean,* 43 Mont. 47, Ann.
Cas. 1912C, 424, 114 Pac. 603; *State* v. *Cook,* 42 Mont. 329,
112 Pac. 537; *State* v. *Fowler,* 59 Mont. 346, 196 Pac. 992.)

The objection made to instruction No. 7 is as follows: ''The
defendant objects to the giving of court's instruction
[4, 5] No. 7 on the ground and for the reason that it is
an incompetent statement of law and not the law, for the rea-
son that in the instruction the court does not instruct the
jury that when the explanation by the defendant raises a rea-
sonable doubt in their minds the burden of proof is thrown
upon the state to prove the falsity of the explanation given.''
It is fundamental that instructions must have relation to the
facts given in evidence in the particular case.  In this particu-
lar case, three facts appear in the evidence on the part of the
state which were either directly or impliedly admitted by the
defendant—at least they are not disputed—to-wit: (a) The

animal described in the information was the property of Sam
Falkinburg; (b) that it was stolen about September 30, 1917;
and (c) that the defendant had knowledge of the whereabouts
of the beef of this animal, and disposed of the same within
four days after the animal had been stolen. This was the
theory of the case at the time the jury was instructed, as
shown, not only by the testimony in the case, but also by
the instructions given by the court and the instructions
offered by the defendant. Instruction No. 7 is only one
of a series of instructions given by the court bear-
ing upon the effect of the possession of stolen property. In-
structions Nos. 5, 6, 8, 10 and 11 we believe fully meet the
objection which defendant urged to instruction No. 7, and
these instructions were not objected to, and are binding upon
the defendant. Instruction No. 7 as given is more favorable
to defendant than it would have been had it been made to
meet defendant's suggestion as appears from the objection
made.

The appellant refers to *State* v. *Trosper,* 41 Mont. 442, 109
Pac. 858, but we believe that case, and the authorities cited
therein with approval, together with the decision in the *Wil-
lette Case, supra,* sustain the position here taken.

The defendant also complains of the act of the court in
[6] refusing to give his proposed instruction No. 2. This
proposed instruction is to the effect that where the evidence
shows that the property was stolen by someone, and the de-
fendant was recently in possession of it, it is wholly immate-
rial how strong the case may be, he cannot be convicted if the
evidence offered by the defendant in explanation of his posses-
sion is sufficient to raise a reasonable doubt of his guilt, though
the explanation may not be reasonable, probable, satisfactory,
or true. As an abstract proposition of law, it is undoubtedly
true that it is immaterial how strong a case the state may
make against a defendant; if the jury has a reasonable doubt
from any cause as to his guilt, it is its duty to acquit him, and
this is exactly what the court in this case told the jury to

do by the instructions given—Nos. 5, 6, 7, 8, 8½, 9, 10 and 11 —and then by instruction No. 12 the court told the jury that it was the sole judge of the effect and weight of the evidence. We do not approve of the form of this instruction offered by the defendant, and we think the matter stated therein is fully covered by the other instructions given by the court.

Appellant further complains of the action of the court in [7] refusing to give his proposed instruction No. 3. This proposed instruction No. 3 reads: "You are instructed that the mere possession of stolen property, unexplained by the defendant, however soon after the taking, is not sufficient to justify a conviction. It is a circumstance which, taken in connection with other testimony, is to determine the question of guilt. Yet, if you believe from the evidence that the defendant was found in the possession of the property described in the information, or claimed to be the owner thereof after the alleged taking, this is a circumstance tending in some degree to show guilt, but not sufficient, standing alone, unsupported by other evidence, to warrant you in finding him guilty. There must be, in addition to proof of possession of stolen property, proof of corroborating circumstances, tending of themselves to establish guilt."

The only manner in which this instruction differs from instruction No. 5 given by the court is that the proposed instruction contains the additional sentence: "There must be, in addition to proof of possession of stolen property, proof of corroborating circumstances, tending of themselves to establish guilt." In the beginning of the instruction, the court distinctly told the jury that the mere possession of stolen property, although unexplained by the defendant, was not of itself sufficient to justify conviction; hence it necessarily follows that before a jury, yielding obedience to this instruction, could return a verdict of guilty, there must be before it some evidence in addition to the evidence of possession, which tends to connect the defendant with the crime.

By instruction No. 6 the court told the jury that the possession of recently stolen property must be personal and exclusive, and must involve a distinct and conscious assertion of property rights by the defendant, and then the instructions are to the effect that, in addition to this, there must be other evidence. We do not believe there was any error in refusing to give instruction No. 3, offered by defendant.

Defendant's requested instruction No. 1 was merely the general instruction to the jury to acquit. All objections made by the appellant to the instruction given, and to those proposed and refused, have relation almost exclusively to the matter of the evidence, and we here again call attention to the *Willette, Sparks,* and *Wilson Cases, supra.*

We recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, it is ordered that the judgment and order appealed from be affirmed.

*Affirmed.*

Rehearing denied July 6, 1921.