STATE OF MONTANA, Plaintiff and Respondent, v.
CHARLES FAIRBANKS, Defendant and Appellant.
No. 10246.
Submitted October 9, 1961. Decided April 12, 1962.
370 P.2d 497.

244

C. W. Leaphart, Jr., (argued orally), Helena, for apellant.
Forrest H. Anderson, Atty. Gen., Tom Hanrahan, County
Atty., and Alfred B. Coate, Asst. Atty. Gen. (argued orally),
Helena, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal by defendant following his conviction in
the District Court of Lewis and Clark County upon a charge of
grand larceny.

The charging part of the information against the appellant
is as follows:

"CHARLES FAIRBANKS is accused by the County Attor-
ney of Lewis and Clark County, Montana, by this information
of the crime of GRAND LARCENY committed as follows:
That at the County of Lewis and Clark, in the State of Mon-
tana, on or about the 17th day of June, A. D., 1960, and before
the filing of this information, the said did wilfully, unlawfully
and feloniously steal, take and carry away a 55 Four-door Olds-
mobile Serial No. 557-K13488, 60 Tab—43-00639, License No.
5-7529—1959 Plate, the property of Placer Motors, Inc., of the
value of $850, with the intent in him, the said CHARLES
FAIRBANKS then and there had and having to appropriate
the same to his own use and benefit and to permanently de-
prive the true owner thereof."

The information also charged a previous conviction of a fel-
ony.

To constitute larceny the first essential is that there be
a "taking", that is, the thing which is the subject of the crime
must be taken from the possession of the owner into the pos-
session of the thief. The taking, in order to support a charge

of larceny, must be against the will of the owner or at least against the consent, in other words, the act of taking must be a trespass against the owner's possession.

█ The second essential element in the crime of larceny is the asportation of the thing which is the subject matter of the offense, that is, the taking must be followed by a carrying away or asportation as to supersede the possession of the owner for an appreciable length of time, be it ever so short. To constitute asportation, the thing taken must have been in the entire or absolute possession of the taker.

█ From territorial days in Montana, the rule has been and still is that the mere possession of personal property by defendant soon after it has been stolen is not sufficient of itself to justify his conviction. Territory v. Doyle, 7 Mont. 245, 14 P. 671; State v. Sullivan, 9 Mont. 174, 22 P. 1088.

In the case of State v. Smith, 135 Mont. 18, 334 P.2d 1099, this court quoted with approval from State v. Labbitt, 117 Mont. 26, 32, 156 P.2d 163, and stated: " 'Every taking and carrying away by one person of the personal property of another is not larceny even though it is done without right or claim of right and for the purpose of appropriating the property to the use of the taker. Super-added to the wrongful taking there must be a felonious intent, for without it there would be only a bare trespass which, however aggravated, would not be crime. It is the criminal mind and purpose going with the act which distinguishes a criminal trespass from a mere civil injury.' 32 Am.Jur., Larceny, § 36, p. 925."

Again in State v. Smith, supra, the court quoted from State v. Labbitt, and held: " 'To constitute *larceny,* the party committing the offense must have the view of converting the property to his own use *permanently,* or depriving the owner of his property *permanently.*' "

This court is confronted with a record that discloses that at the time of the arrest of the appellant there were two Oldsmobiles of the year 1955 identical in all respects save as to color

and there were two men present, the appellant and Francis E. Molmar, both of whom were arrested and were taken to the Lewis and Clark County jail.

On June 29, 1960, the chief deputy county attorney for Lewis and Clark County made an affidavit relating to Francis P. Molmar, the pertinent part of which is as follows: "That the said witness [Molmar] was in the company of defendant * * * at the time of the commission of the crime set forth in the Information filed herein; that said witness has made a written statement regarding the facts in said case, and from all of the evidence in the possession of the County Attorney at this time, the County Attorney does not believe that the said witness is an accomplice to the crime."

The record does not disclose that Molmar ever took the witness stand and testified either for or against the appellant, and the sole reference that we have to Mr. Molmar is contained in this affidavit and in the testimony of the state highway patrolman, Mr. Al Mues, who arrested both the appellant and Mr. Molmar.

The record is absolutely silent as to how the two Oldsmobile automobiles were driven to the coulee south and west of Helena. The record is absolutely silent as to who owned the other car. The only matter contained in the record is that the blue and white Oldsmobile was owned by Placer Motors and that the appellant was removing some bolts in and around the radiator of the car with the brown and white Oldsmobile parked contiguous to the car which the appellant was working on. It places this court in the position of having to guess and speculate as to whether the appellant or Molmar removed the car from the sale lot of the Placer Motors and transported it to the place where the officers discovered it. The actual taking and asportation of the car in question is not proven in any sense of the word.

The transcript in this cause consists of 78 pages and but 16 pages are devoted to the actual testimony of the witnesses in

connection with the crime with which the appellant is charged. But on the contrary 32 pages are devoted to proving the prior conviction of the appellant.

■ It is a fair statement of the law that when property is taken with the intent of abandoning the property rather than returning it to the owner, the defendant is guilty of larceny. We cannot determine from the record whether the appellant or Molmar took the car from the Placer Motors. This court has no right to speculate on the guilt of the appellant any more than did the jury in this case, as there was a total lack of credible evidence showing that the defendant either by himself or with the aid of Molmar took the Oldsmobile, transported it to the place where it was found, or whether Molmar took the car and transported it to the place where it was found, or whether Molmar took the car and transported it to the place where it was found and had the appellant working on it.

■ Viewed in its entirety the evidence relied upon by the prosecution is insufficient both in quality and quantity to support the verdict of the jury. It is unconvincing, leaves too much to speculation and conjecture and is equally consistent with a hypothesis of innocence as that of guilt. True, one possessed of only normal curiosity might be suspicious and surmise that Fairbanks had something to do with the Oldsmobile car, but mere suspicions, however strong, have not yet been accepted in lieu of proof beyond a reasonable doubt.

■ When a conviction is sought upon circumstantial evidence, the proof must be such as not only to authorize a belief in the guilt of the accused, but also to exclude every other reasonable hypothesis. State v. Mullins, 55 Mont. 95, 99, 173 P. 788, 789.

■ Convictions may not be founded upon conjectures however shrewd, nor upon probabilities however strong, State v. Taylor, 51 Mont. 387, 153 P. 275, but only upon evidence which establishes the guilt of the accused beyond a reasonable doubt, that is, upon proof such as to logically compel a conviction of

248

charges true. State v. Postal Tel. Cable Co., 53 Mont. 104, 161 P. 953; State v. Riggs, 56 Mont. 393, 185 P. 165; State v. Riggs, 61 Mont. 25, 201 P. 272; State v. Gilbert, 126 Mont. 171, 246 P.2d 814.

In all of the above-cited decisions this court has recognized and applied the rule that unless the evidence fully meets the tests therein announced, it is insufficient to sustain a conviction.

The trial judge, as is reflected by the record, was apprehensive of the sufficiency of the proof to sustain the defendant's conviction.

For these reasons the judgment of the District Court is reversed and the cause remanded for a new trial.

MR. JUSTICE ADAIR and the HONORABLE W. W. LESSLEY, District Judge, sitting in place of MR. JUSTICE JOHN C. HARRISON, concur.

MR. CHIEF JUSTICE JAMES T. HARRISON:

I dissent.

In this case the record discloses that on June 17, 1960, the blue Oldsmobile automobile which was the subject of the larceny charged in this case was the property of a corporation. On that morning it was located on the corporation's parking lot. It disappeared. Law enforcement officers were notified and later in the day the automobile was located. The automobile had been driven about two miles off the main highway into the back country among rolling hills with some timber ridges, in rough terrain, and had been parked off the side road up a draw on the grass. Parked right beside the blue Oldsmobile was a yellow and brown but otherwise identical, Oldsmobile. The defendant was working on the blue Oldsmobile with his head underneath the hood when the officers arrived. Inspection at that time disclosed that on the left-hand side of the car the spring and arm which raises the hood had been removed, together with about six bolts along the left-front fen-

der, and the shroud or splash pan back of the grill had been loosened by the removal of six or eight bolts across the front.

About fifteen feet up the coulee from the cars a young man was sitting under a shade tree watching defendant working on the blue Oldsmobile. This young man named Molmar stated he was the owner of the yellow and brown Oldsmobile. An examination of that car disclosed there was some damage to the front end of the grill and the hood was dented in. Both defendant and Molmar were arrested and taken to Helena and the blue Oldsmobile and the parts which had been removed were returned to its owner.

The majority upon this state of the record hold the evidence is insufficient to support the verdict of the jury. The discussion in the majority opinion of the rule with regard to recent possession of stolen property in my opinion is incomplete and should be supplemented. It must be remembered that in both State v. Smith, 135 Mont. 18, 334 P.2d 1099, and State v. Labbitt, 117 Mont. 26, 156 P.2d 163, the defendants testified and explained their possession. Such is not the fact here where defendant offered no explanation.

Defendant is presumed innocent until the contrary is proven, and the burden is upon the State to prove his guilt beyond a reasonable doubt, R.C.M.1947, § 94-7203, and for that reason the burden of proof is at all times upon the State, yet there is a distinction between the burden of proof and the burden of evidence. In criminal cases the burden of proof never shifts, but the burden of the evidence may shift frequently. Underhill, Criminal Evidence, § 50, p. 78 (5th ed.). Such is the situation here. The State presented sufficient evidence in my opinion, though not in the opinion of the majority, to make out a prima facie case and rested. Defendant being caught in the act of stripping the automobile when apprehended, in my opinion, is inconsistent with the idea that his possession was honest.

In State v. Evans, 60 Mont. 367, 373, 199 P. 440, this court stated:

"* * * It has been many times held by this court that mere possession of property recently stolen is not sufficient of itself to justify conviction. When, however, this fact is supplemented by other facts inconsistent with the idea that the possession is honest, a case is made sufficient to submit to the jury. State v. Sparks, 40 Mont. 82, 105 Pac. 87, 135 Am.St. Rep. 608, 19 Ann.Cas. 1279; State v. Willette, 46 Mont. 326, 127 Pac. 1013.

"The United States Supreme Court has gone even further, wherein it is held: 'Possession of the fruits of crime, recently after its commission justifies inference that the possession is guilty possession, and, though only *prima facie* evidence of guilt, may be of controlling weight, unless explained by the circumstances or accounted for in some way consistent with innocence.' Wilson v. United States, 162 U. S. 613, 619, 16 Sup.Ct. 895, 898 (40 L.Ed. 1090). Although there was not any direct and positive evidence that the defendant stole the animal described in the information, the possession by the defendant of the meat of the animal and his exercise of ownership over it under the circumstances here indicated, furnish a basis for the inference that he killed the animal, and the evidence was sufficient to justify the court in submitting it to the jury. In connection with the authorities above referred to, we may here call attention to the provisions of section 7853, R.C.[1907, now R.C.M.1947, § 93-301-10.]"

In an earlier case, State v. Sparks, 40 Mont. 82, 86, 105 P. 87, 88, this court stated:

"* * * It has been held by this court, following the rule recognized by the courts generally, that mere possession of property recently stolen is not sufficient to convict the possessor of a larceny of it. Territory v. Doyle, 7 Mont. 245, 14 Pac. 671; State v. Sullivan, 9 Mont. 174, 22 Pac. 1088; State v. Wells, 33 mont. 291, 83 Pac. 476. When, however, this fact is supplemented by other facts inconsistent with the idea that the possession is honest, such as the giving of a false or im-

probable explanation of it, or a failure to explain, when a larceny of the property is charged, or the possession of a forged bill of sale, or the giving of a fictitious name, or the like, a case is made sufficient to submit to the jury. Territory v. Doyle, State v. Sullivan, State v. Wells, supra. The rule as to the materiality of such evidence is well-stated by the Supreme Court of Maine, in State v. Bartlett, 55 Me. 200, as follows: 'If a person accused remains silent when he may speak, he does so from choice, and the choice he makes upon such occasion has always been regarded competent evidence. It is the act of the party. From time immemorial the reply or the silence of the accused person, when charged, has been regarded as legitimate evidence on his trial for the consideration of the jury. Any act of his, when charged, tending to sustain the charge, may be proved. Fleeing from arrest, giving contradictory, untrue, or improbable accounts of the matters in issue, and refusals to account for the possession of stolen property, are evidences of guilt admitted upon the trial of the persons accused. These are proofs derived from the prisoner's acts, sayings and silence.' ''

While the majority comment on the failure of the State to call a certain witness, in my opinion there exists no requirement that it do so. See State v. Vandervoort, 57 Mont. 540, 189 P. 764; State v. Parr, 129 Mont. 175, 283 P.2d 1086, 55 A.L.R.2d 1313. This witness was available to the defendant and if the matters, about which the majority opinion contends the record is silent, would have assisted the defendant he was at liberty to clarify them.

In my opinion, it is immaterial whether defendant or Molmar stole the automobile and drove it to the place where it was found. That Molmar could likewise be guilty of larceny does not exculpate the defendant. These facts remain: The automobile was stolen, it was found deep in the hills off the road, in the possession of defendant who was engaged in dismantling it. The affidavit of the chief deputy county attorney states that Molmar gave a written statement regarding the

facts in the case and by reason of all the evidence in the county attorney's possession he does not believe Molmar was an accomplice of defendant.

In view of my opinion that the State proved a *prima facie* case it then became incumbent upon defendant to explain his being found with recently stolen property under the circumstances as heretofore related. This he failed to do.

I would affirm the conviction.

The HONORABLE CHARLES B. SANDE, District Judge, sitting in place of MR. JUSTICE CASTLES.

I concur in the above dissent.