George C. DESMOND, Defendant and
Petitioner, Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

Nos. 6476–6478.

United States Court of Appeals
First Circuit.

Heard May 3, 1965.

Decided May 18, 1965.

Loyd M. Starrett, Boston, Mass., with whom Edwin H. Amidon, Jr., and Foley, Hoag & Eliot, Boston, Mass., were on brief, for appellant.

William J. Koen, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, BREITENSTEIN,* Circuit Judge, and GIGNOUX, District Judge.

ALDRICH, Chief Judge.

Appellant was convicted, along with a co-defendant, on narcotic charges, and sentenced to the minimum term of five years. Although during trial he had asserted a number of errors he failed to appeal. Subsequently he brought a petition under 28 U.S.C. § 2255. The district court denied the petition on the ground that the matters therein alleged could, and therefore should, have been raised by appeal. Appellant then asserted to the district court that he had been deprived of his appeal through default of his counsel, who had agreed to prosecute an appeal, but did not. The district court rejected this claim. On appeal we held that appellant had raised a question of fact which should have been passed on by the district court, and remanded for further proceedings. Desmond v. United States, 1 Cir., 1964, 333 F.2d 378. Thereafter the district court took evidence and made a finding which, although politely expressed, in substance meant that counsel failed to carry out appellant's instructions to appeal. The effect of this finding should have been to remove the bar to his 2255 assertion of error in his trial. The district court, however, stated that the district judge who had conducted the trial would be "piqued" to have it review his conduct ** and declined to pass upon the merits. Instead, it revoked the orig-inal sentence and imposed a new one for five years, (the minimum sentence) to begin as of the date of imposition, so that appellant came under an obligation to serve eight years rather than the original five.

We are entirely satisfied that the court's action was due to some kind of misunderstanding, and that the court had no intention to impose a penalty upon appellant for having brought his petition. However, in a 2255 proceeding a petitioner is entitled to have errors of a district court reviewed in the district court regardless of believed sensitivities of another judge. Appellant was entitled, once the bar of his having failed to raise his points by appeal had been removed, to have them considered. But since the case is now here, and since appellant's remaining questions are solely questions of law we can pass fully upon them. We reach only one, since it is unlikely that the others will reoccur.

At the original trial, in the course of its final argument to the jury the government, referring to the alleged occasion when the two defendants had transferred the heroin to the government agent, said, "Those are the facts, the evidence. Incidentally, may I say to you that the evidence stands unimpeached and uncontradicted." Counsel for appellant immediately objected, stating at the bench that this was a comment upon appellant's failure to testify. The court overruled the objection, saying "Absolutely not," but added that in its charge it would tell the jury that no inference should be drawn against appellant from his failure to take the stand. Subsequently the court did so charge.

Two questions are presented, which we will take in reverse order. If it be assumed that the government's argument constituted comment upon appellant's failure to testify, was it cured by the charge? We think not. Correction of error should be as prompt and timely

* By designation.

** The district judge who conducted the original trial had disqualified himself from hearing the 2255 petition.

as possible—particularly where the error involves the infringement of a constitutional right, as this did. Griffin v. State of California, 85 S.Ct. 1229, 4/28/65. The appellant promptly objected. The remedy, to be fully effective, should have been administered equally promptly. Smith v. United States, 9 Cir., 1959, 268 F.2d 416, 420; White v. United States, 1962, 114 U.S.App.D.C. 238, 314 F.2d 243.

 Nor can we doubt that the government's statement that its witness' statement stood "unimpeached and uncontradicted" constituted improper comment. No one but appellant (or his codefendant, whom appellant could not put on the stand against his will) could have contradicted the government witness. The government's present argument that since the transaction took place in an apartment house perhaps there were other persons around, though its own witness had suggested no one, and on the face of things it would be to a degree unlikely, is sound neither in fact nor in law. Unless it is apparent on the record that there was someone other than himself whom the defendant could have called, the comment of necessity pointed to the only person who could have offered the contradiction, the defendant himself. Hence, in the present case it was clearly improper. This is no new constitutional interpretation. Barnes v. United States, 8 Cir., 1925, 8 F.2d 832; cf. Linden v. United States, 3 Cir., 1924, 296 F. 104; Commonwealth v. Domanski, 1954, 332 Mass. 66, 69–71, 123 N.E.2d 368. The government made the argument because it thought it would be effective. We can think of no effect other than to invite the jury's attention to the fact the defendants had not taken the stand.

 The court was correct in vacating the first judgment. It should also have set aside the verdict. It erred in imposing the new sentence.

Judgment must be entered vacating the final judgment of the District Court and setting aside the verdict and ordering a new trial. The appeals in the two section 2255 proceedings will be dismissed as now moot.

