STATE OF MONTANA, Plaintiff anl Respondent, v. ROBERT DOUGLAS WILROY, Defendant and Appellant.

No. 11324.

Submitted October 16, 1967. Decided November 29, 1967.

434 P.2d 138.

256

Dzivi & Conklin, William P. Conklin (argued), Great Falls, for appellant.

Forrest H. Anderson, Atty. Gen., Donald A. Garrity, Asst. Atty. Gen. (argued), Helena, Gene B. Daly, County Atty., J. Fred Bourdeau (argued), Francis J. Raucci (appeared), Deputy County Attys., Great Falls, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a conviction for the crime of rape allegedly committed against a fifteen year old female.

The appellant, at the time of his conviction, was a staff sergeant in the U. S. Air Force stationed at Malmstrom Air Force Base, Montana.

On August 3, 1966, he got off duty at 3:00 p. m. and went to the N.C.O. Club where he did considerable drinking until the hours of 10:30 p. m. Upon leaving the club he drove to the Beam's Trailer Court, not far from the Air Base, where he met the 15 year old girl here involved. They had previously become acquainted and the girl had gone out riding in appellant's car. The prosecutrix testified that after some conversation with appellant he grabbed her, struck her, threw her onto the ground and assaulted her. The prosecutrix testified that she screamed during the assault, but at the time of trial only

one witness, the girl's great aunt, testified that she heard screams that night. The appellant admitted meeting the girl that night but denied the assault.

Shortly after 11:00 p. m., the prosecutrix appeared at her great aunt's trailer. She was bleeding, her face was swollen and her slacks unfastened. She told her aunt she had been raped.

She was taken to a hospital within an hour and examined by a physician. This examination indicated that she had engaged in sexual intercourse within three hours of the examination. Some of her clothing was removed at the hospital and given to a deputy sheriff. Later at the trial these items were introduced and received into evidence over the appellant's objections that (1) there was an improper foundation laid to allow their introduction; (2) continuity of possession was not shown by prior witnesses; and (3) there was no showing that the exhibits were in the same condition they were at the time they were first obtained from the witnesses. The court overruled the objection.

The appellant was arrested at his home early the next morning and put in a lineup with five other airmen where he was identified by the prosecutrix. At the time of his arrest, items of clothing were taken from him which were later introduced into evidence. An F.B.I. scientist testified that seminal stains and blood stains were found on the clothing of both the appellant and the prosecutrix, but he was unable to type them or to state that they came from the same individual.

At the trial some 15 State exhibits were admitted over objection. These exhibits were: "No. 2. A pair of woman's panties, stained with blood and semen. No. 3. A pair of woman's denim jeans, also stained with blood and semen. No. 4. A woman's sweater, or 'sweatshirt' stained with semen. No. 5. A brassiere, stained with blood. No. 6. Human hairs. No. 8. A man's right shoe. No. 9. A pair of man's white under-shorts stained with semen. No. 11. A man's white T-shirt, stained

with semen and blood. No. 12. A pair of man's white trousers, stained with semen. No. 15. A wash cloth. No. 16. A photograph of a field. No. 17. A photograph of a shoe print in the earth. No. 18. A photograph of a shoe print in the earth. No. 19. A photograph of a field. No. 20. Two glass microscope slides, one of a hair found on State's exhibit 15 (the wash cloth), the other of one of the hairs from State's exhibit 6."

It is basic that the party offering an exhibit must lay a foundation through some witness or witnesses who can identify the items as being connected with the crime. When several different witnesses handle the exhibit or exhibits the problem of proper identification is more difficult. This court held in an early opinion State v. Byrne, 60 Mont. 317, 325, 199 P. 262 that: " 'Articles which are shown by the evidence to be connected with the crime, or which serve to unfold or explain it, may be exhibited in evidence, provided they are properly identified,' and provided there has been no 'substantial change' in them. (16 C.J. 617-622)." See also State v. Wong Fong, 75 Mont. 87, 241 P. 1072. Failure to either properly identify the article, or to prove that no substantial change has taken place in the article, while in custody, constitutes ground for an objection that the proper foundation has not been shown.

In the trial of this case exhibits 2, 3, 4, 5, 6, 15 and 20 were admitted, over objection. Exhibits 2 and 3, the panties and jeans were identified by their owner, the prosecutrix, as being hers though they were not identified by nurse Robbins who took the exhibits from her. The identification by the prosecutrix was sufficient so the appellant's objection here as to the chain of evidence is immaterial.

The admission of exhibits 4, 5, 6, and 20 were clearly error. As to these, the sweatshirt, the brassiere, hair and the microscopic slides, there was a complete failure on the part of the State to identify them. For all that appears in the record, these items were not even connected with the crime unless we can assume that because a witness was called that they were.

The relevancy and importance of each of these items of physical evidence was such that their introduction was prejudicial.

The items of clothing and the hair, with the microscopic slides showing comparisons were of crucial import. They not only add to the proof of the sexual intercourse itself, but tied the appellant and his car directly to it. Admitting that certain of the other items might have accomplished the same we find the admission of these items to be more than mere harmless error. They clearly invaded the substantial rights of the appellant.

All of these exhibits presumably might have been separately identified by the witness or witnesses acquainted with the facts tying it into the case thereby showing the chain of custody and possession. The basic evidentiary requirement is simple, serves to establish the chain of possession and prevents confusion. Failure to do so constitutes error. State v. Wong Fong, supra.

As to exhibits 8, 9, 11 and 12, the items of clothing of the defendant we find the identification to have been sufficient. The lack of specific or positive identification marks is not of great import for the items were not so uncommon that a reasonable identification cannot be made. The lack of positive identification goes to the weight of the evidence rather than to its admissibility. People v. Crosby, 139 Cal.App.2d 101, 292 P.2d 922. It is sufficient if they are shown to be connected with the crime, and identified as such. As to exhibit 15, a wash cloth, Air Force Investigator Lafonso identified it as the one removed from appellant's car, put into a plastic bag and turned over to the sheriff's office. It was properly identified and admitted into evidence.

Exhibits 16, 17, 18 and 19 are photographs taken by a deputy sheriff of the area where the assault occurred and two of them 17 and 18 are photographs of a shoe print in the earth at the scene. Deputy Ferda identified 16 and 19, the area photos, 17 and 18 photos of a shoe print from which a plaster

mold was made. The appellant objected to these exhibits, contending that the photos of the shoe print were improperly admitted. He is clearly in error for his only objection went to the qualifications of Deputy Ferda which were established by the State and remain so through appellant's cross-examination. The exhibits had his initials, the date of their taking and his testimony of the location. They were properly admitted.

This case, involving as it does, the rape of a 15 year old girl makes it repugnant, to say the least, to be forced to grant a new trial. Yet, our rules of evidence to search for truth are as designed to protect the innocent as to punish the guilty.

The first issue, argued by the appellant, was the impropriety of admitting the State's exhibits which we have previously discussed. Holding, as we must under the law, that many of the challenged exhibits were improperly admitted a new trial must be had and no necessity exists to discuss the other issues argued by appellant.

For the above reasons the judgment of the district court is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, ADAIR and CASTLES concur.