**Frank Leslie HOLDEN, Defendant,
Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 6963.**

United States Court of Appeals
First Circuit.

Jan. 24, 1968.

Cornelius J. Moynihan, Jr., Newton, Mass., by appointment of the Court, for appellant.

Louis M. Janelle, U. S. Atty., with whom William H. Barry, Jr., Asst. U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Defendant was convicted of violating the federal kidnaping statute [1] and was sentenced to life imprisonment.[2] The indictment charged him with unlawfully abducting and transporting one Vivian Ricker in interstate commerce and sexually assaulting her.

Mrs. Ricker testified that on the evening of November 22, 1966, as she entered her parked car to return home from a P.T.A. meeting in Lewiston, Maine, the defendant suddenly entered the car, forced her at gun point to drive to Berlin, New Hampshire, and on the way raped her twice. When they reached Berlin she managed to escape and contacted the local police who apprehended the defendant.

Principal among the points raised by defendant on appeal are (1) that the statute under which he was convicted is invalid, and (2) that the government in its summation improperly commented on his failure to take the witness stand in his own defense.

▮ Relying on United States v. Jackson, 262 F.Supp. 716 (D.Conn. 1967) [3] defendant specifically attacks the punishment provision of the statute because under it he claims that if a defendant insists on his constitutional right to a jury trial, he automatically runs the increased risk of capital punishment by the recommendation of the jury. The jury's favorable verdict on this score has mooted the question so far as this defendant is concerned. We are unwilling to hold that this provision is not severable and hence that the entire statute is void. As stated by the Supreme Court in Poe v. Ullman, 367 U.S. 497, 503–504, 81 S.Ct. 1752, 1756, 6 L.Ed.2d 989 (1961):

"The various doctrines of 'standing,' 'ripeness,' and 'mootness,' which this Court has evolved with particular, though not exclusive, reference to such cases are but several manifestations— each having its own 'varied application' —of the primary conception that federal judicial power is to be exercised to strike down legislation, whether state or federal, only at the instance of one who is himself immediately harmed, or immediately threatened with harm, by the challenged action. * * * 'The party who invokes the power [to annul legislation on grounds of its unconstitutionality] must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement * * *.' [Commonwealth of] Massachusetts v. Mellon, 262 U.S. 447, 488 [43 S.Ct. 597, 67 L.Ed. 1078]."

Here the defendant is a mere proxy arguing another's constitutional rights. Under such circumstances, we think he has no standing to object to the statute. Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943) (per curiam); Yazoo & Miss. Valley R. R. Co. v. Jackson Vinegar Co., 226 U.S. 217, 33 S.Ct. 40, 57 L.Ed. 193 (1912); Wright, Federal Courts pp. 39–40 (1963). See also Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 64 n. 6, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963).

1. "18 U.S.C. § 1201. *Transportation*
   (a) Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, except, in the case of a minor, by a parent thereof, shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend, or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed.
   * * * * * *"

2. The jury did not recommend the death penalty.

3. In this case the district court (Chief Judge Timbers) declared the statute invalid "to the extent that it impairs defendants' free exercise of their right to trial by jury * * *." Jackson, supra at 718.

Alternatively, defendant contends that the possible death penalty provision permitted the introduction of the evidence of rape, and that this was prejudicial to the defendant. The short answer to this contention is that the defense that Mrs. Ricker consented to the automobile trip and therefore was not kidnaped, in and of itself made this evidence admissible quite apart from the death penalty aspect of the case.

With reference to defendant's second point, it appears that several times during the government's closing argument the United States Attorney made mention of the fact that Mrs. Ricker's testimony was uncontradicted. In support of this point, he relies upon our holding in Desmond v. United States, 345 F.2d 225, 14 A.L.R.2d 718 (1st Cir. 1965). In that case the government in its final argument to the jury observed that the evidence stands "unimpeached and uncontradicted." We said at 227 of 345 F.2d: "Unless it is apparent on the record that there was someone other than himself whom the defendant could have called, the comment of necessity pointed to the only person who could have offered the contradiction, the defendant himself." We found that although the court later charged that no inference should be drawn against the defendant from his failure to take the stand, that this did not cure this error. Id., at 226–227.

Of course, as in Desmond, the reference in the instant case to defendant's failure to testify was veiled but in the context it was obvious who was expected to contradict Mrs. Ricker. This is not a situation where the contradiction could come from more than one source. Realistically it would have to come from this defendant or it was not likely to come at all.[4]

We think the instant case is distinguishable from Desmond. There, counsel objected promptly. Instead of agreeing that it was improper comment, the court overruled the objection. Here counsel did not interrupt even when the objectionable reference was made a third time, but moved for a mistrial during the recess at the end of the argument. After denying this motion, the court dealt with the problem early in its charge. It stated:

"The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of a defendant to testify.

"The United States Attorney stated that Mrs. Ricker's testimony was uncontradicted. You are instructed that you may not draw any inference from that statement pertaining to the guilt of the defendant merely because he exercised his constitutional right to remain off the stand."

In Desmond we said that the charge could not cure this error because the defendant, having timely objected, was entitled to a timely instruction. There it could be argued persuasively that the immediate psychological impact of the improper comment could best be erased by an immediate instruction; that an instruction that was merely part of the charge and given at a later time would not suffice. Here, on the other hand, defendant cannot complain that the error was not corrected immediately, since he did not object immediately. Unlike Desmond, the psychological advantage of immediate correction was already gone.

As has been frequently pointed out, the burden is on the defendant to take his objection at the earliest possible opportunity when, by so doing he can enable the trial judge to take the most

---

4. In case this reference was too subtle for the jury, the prosecution removed all possibility of doubt by the way it phrased one of its sentences: "But the uncontradicted evidence here is that Frank Leslie Holden, sitting right here in this courtroom, forced Mrs. Ricker to have intercourse with him." See Annot. 14 A.L.R.3d 723, 743 for cases indicating that if a prosecutor's comment that certain evidence is uncontradicted contains a direct reference to the defendant, this is reason to regard it as improper.

efficacious action. See, e. g., Fogarty v. United States, 263 F.2d 201, 204 (5th Cir.), cert. denied, 360 U.S. 919, 79 S.Ct. 1437, 3 L.Ed.2d 1534 (1959); see Birnbaum v. United States, 356 F.2d 856, 866 (8th Cir. 1966); cf. Reiss v. United States, 324 F.2d 680 (1st Cir. 1963), cert. denied, Jacobs v. United States, 376 U.S. 911, 84 S.Ct. 667, 11 L.Ed.2d 609 (1964).

Nor are we impressed with defendant's argument that he was entitled to specific instructions, at least at the time he made his motion for a mistrial, rather than just a comment "buried in the body of the charge." Defendant would have gained little, if anything, by a special instruction at the time he moved for a mistrial. Arguments to the jury had already been completed and the judge charged the jury shortly thereafter. Therefore any further delay in correcting the error could not have been of controlling importance. Moreover, we take issue with the assumption that an instruction that is part of the charge is of little effect. The charge in this case, although detailed, certainly was not tedious. There is no reason to think that it fell on deaf ears. We are not unmindful of the fact that an impression once created is not easily dispelled. Indeed, we recognize that in the area in question there is always a danger of impermissible inference even without comment from the prosecution. No doubt it would have been preferable here had the trial judge corrected the error *sua sponte*. Kitchell v. United States, 354 F.2d 715 (1st Cir.), cert. denied, 384 U.S. 1011, 86 S.Ct. 1970, 16 L.Ed.2d 1032 (1966); appeal after remand sub nom. Marano v. United States, 374 F.2d 583 (1967). In the circumstances of this case, however, we are not prepared to say that any marked prejudice resulted to the defendant by reason of the prosecutor's challenged remarks.

All other points raised have been considered and found to be without merit.

Affirmed.