Frank Leslie HOLDEN, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7012.

United States Court of Appeals
First Circuit.

Heard April 3, 1968.

Decided April 25, 1968.

Thomas G. Dignan, Jr., Boston, Mass., by appointment of the Court, for appellant.

Edward F. Harrington, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This appeal from a conviction under the Dyer Act, 18 U.S.C. § 2312, raises several questions, all save one of which may be disposed of briefly.

■■ Defendant Holden first urges that there was insufficient evidence to support his conviction, and that his motion for judgment of acquittal should therefore have been granted. This assertion rests on the allegation that, although there was ample testimony that it was he who stole the car in Vermont, his subsequent association with it in Massachusetts was not sufficient to establish the "possession" required to give rise to an inference of Dyer Act violation. We note first that proof of possession alone is sufficient to support inferences not only of interstate transportation, but also that such transportation was made with knowledge that the vehicle was stolen. E. g., Beufve v. United States, 5 Cir., 1967, 374 F.2d 123, cert. denied 389 U.S. 881, 88 S.Ct. 122, 19 L.Ed.2d 175; Reese v. United States, 10 Cir., 1965, 341 F.2d 90; cf. Freije v. United States, 1 Cir., 1967, 386 F.2d 408. Here the only inference that need be drawn was that, having stolen the car, defendant transported it to Massachusetts. There was no testimony that Holden was ever seen driving the car in Massachusetts. However, he was seen in the car by the witness who purchased it, and, more important, the witness testified that Ladeau, the co-defendant, stated he could not sell the car without defendant's approval (the two purportedly being brothers in the "garage business" in Vermont) and that defendant completed and signed, along with Ladeau, the bill of sale. This is sufficient evidence of possession to support the conviction.

Defendant next contends that his conviction should be reversed under our rule in Desmond v. United States, 1 Cir., 1965, 345 F.2d 225, because the prosecuting attorney made statements in argument that amounted to a comment upon the defendant's failure to take the stand. This he rests upon the government's statement that "it is beyond dispute" that the car stolen in Vermont was the same as that sold in Massachusetts.

■■ We have no intention of departing from our decision in *Desmond*. However, this does not mean that every characterization of the evidence made in the course of advocacy is to be interpreted as a comment upon the defendant's failure to take the stand. In a fashion, every remark of counsel that evidence is clear or persuasive is, and must be, made against the tacitly known background that the defendant had not testified. This cannot mean that the government is to be forbidden to praise its case, or to refer to its compelling character. It would have been better if some expression other than "beyond dispute" had been used. Every portion of the government's case is disputed, whether the defendant takes the stand or not. DeCecco v. United States, 1 Cir., 1964, 338 F.2d 797. The court, however, properly charged the jury, precisely pointing this out. We find no prejudicial error.

The denial of defendant's motion for severance we mention only to observe that it calls for no comment.

A more troublesome matter remains. Immediately prior to trial defendant filed a motion for a writ of habeas corpus ad testificandum to obtain the presence of a certain witness, one Young. He accompanied it with an affidavit of his own, that what Young would testify to was material to his defense, and an affidavit by Young that he was willing to testify and that what he would say would be helpful to the defendant. What this testimony would be, however, was not disclosed. The court conducted a

hearing, at which it appeared that what the defendant really sought was a subpoena under F.R.Crim.P. 17(b). Having satisfied itself as to defendant's indigency, the court stated it would hear defendant, who was for this limited purpose appearing pro se, on the merits of his motion. The defendant first replied that the motion "speaks for itself," but on learning that the court wished to satisfy itself that Young's testimony would in fact be material, offered to elaborate, but only outside of the presence of the U. S. Attorney. The court refusing to exclude the U. S. Attorney, the defendant declined to speak further and the court denied his motion. Defendant was thereafter convicted.

█ Rule 17(b), as amended in July 1966, provides that a subpoena shall be ordered "upon an *ex parte* application of a defendant upon a satisfactory showing * * *" (emphasis original). The Advisory Committee's Note makes it so clear that this change from the prior rule's requirement of an affidavit disclosing what the witness would say was precisely in order that the government would not be able to obtain discovery of the defendant's evidence in the special case of indigent defendants who must apply for subpoenas, we can only conclude that the court was uninformed of this change in the rule. Regrettably, no one volunteered.

We are not impressed by the government's contention that it could properly attend the "ex parte" presentation so long as it did not take an active part. Rather, even without the committee note we would regard the purpose of the change in the rule as apparent on its face to be in recognition of the principle that defendants are not to be avoidably discriminated against because of their indigency. See, e. g., Douglas v. People of State of California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

Discovery, though only partial, would clearly be a discrimination.

█ The government, properly, does not rely on the fact that the defendant did not make an offer of proof. It could hardly be thought if the court would not hear the defendant outside of the presence of the government attorney that it would have heard an offer of proof with any greater privacy. However, for future purposes we have a practice problem in this respect. It may well be that in a particular instance when it hears the defendant, ex parte, the court will find his showing insufficient. In such event the defendant may wish to preserve his rights. We believe the proper practice would be that the defendant's showing, either before the ex parte hearing, or afterwards in the court's presence, be reduced to writing and impounded for court use. In spite of the change in the rule we do not say that in the exercise of its discretion in certain circumstances, as when the expense to the government would be considerable, the court may not still require the showing to be by affidavit. The important matter is that it shall be available only to the court.

█ This brings us back to the present case. On remand the defendant may make no showing that the witness' proposed testimony would be material. Before the judgment and verdict are vacated he should be obliged to do this. We accordingly remand the action to the district court for the purpose of the defendant's making a showing, orally or in writing as the court may decide, for the private instruction of the court. If the court is satisfied that the proposed testimony of the witness would be material to the case, it shall vacate the judgment and verdict and grant a new trial. If it is not so satisfied, a new final judgment of conviction should be entered. Cf. Campbell v. United States, 1961, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428.