THE STATE OF MONTANA, Plaintiff and Respondent, v.
RALPH PROCTOR, Defendant and Appellant.

No. 11510.

Submitted April 17, 1969.

Decided May 13, 1969.

454 P.2d 616.

Waldo N. Spangelo (argued), Havre, for appellant.

Robert L. Woodahl, Atty. Gen., Helena, J. C. Weingartner (argued), Helena, Robert D. Morrison, County Atty. (argued), Havre, for repsondent.

MR. JUSTICE JOHN CONWAY HARRISON delivered the Opinion of the Court.

The appellant, Ralph Proctor, was convicted of burglary in the first degree in the district court of the Twelfth Judicial District, county of Hill and sentenced to three years in the Montana state prison. From this judgment he now appeals.

Sanvik Brothers' Store in Rudyard, Montana, had been burglarized during the nighttime of November 23 or 24, 1967, and a large amount of money was taken from the office safe. This money included ten rolls of half-dollars which had been received from a Mr. Copenhaver in payment of a debt. Two weeks after the burglary a Mr. Edgar Wood deposited ten rolls of half-dollars in a bank in Chester, Montana, a neighboring community to Rudyard. The bank president notified the sheriff of Hill County of the deposit and the sheriff took the rolls to Mr. Copenhaver for identification. Prior to showing him the rolls, the sheriff asked Mr. Copenhaver if he could identify the rolls which he had paid to Sanvik Brothers' Store. When Mr. Copenhaver explained the manner in which he could identify the rolls, the sheriff wrote it down.

Those notes, introduced at the trial, indicated that one roll

had a 1945 Standing Liberty half-dollar; that another roll contained two Canadian half-dollars, four or five from the end of the roll; and that a third roll contained two more Canadian half-dollars, two coins from the end of the roll. Then in the presence of the sheriff, Mr. Copenhaver, and other witnesses the ten rolls of coins were unrolled. Three of the ten rolls conformed to the description provided by Mr. Copenhaver from the peculiar manner he rolled the coins. More will be said on this later.

One witness testified that she saw defendant, Proctor, in the store two days before the burglary; there were no eyewitnesses to the burglary but the identification of the rolls of coins ties the defendant Proctor to the burglary. Mr. Wood, who had deposited the coins, was Mr. Proctor's father-in-law and had received the coins from him in payment of a debt. Mr. Proctor did not testify at his trial.

On appeal the defendant raises three issues for review: (1) The admission of all the rolls of coins; (2) The admission of the sheriff's notes as to how Mr. Copenhaver would identify the coins; (3) The sufficiency of the evidence to warrant a conviction. We will answer these issues in that order.

The defendant alleges that the rolls of coins were improperly admitted because of lack of identification. Mr. Copenhaver testified that besides the specific order of the coins "the only way I identified them was by the way I rolled them."

■ This Court has previously stated:

"The lack of specific or positive identification marks is not of great import for the items were not so uncommon that a reasonable identification cannot be made. The lack of positive identification goes to the weight of the evidence rather than to its admissibility." State v. Wilroy, 150 Mont. 255, 259, 434 P.2d 138. 140 (1967).

However, here a review of the evidence of identification convinces that a positive identification was made.

■ The defendant also contends that the notes of the sheriff as to how Mr. Copenhaver was to identify the rolls of coins

were inadmissible because they were not the best evidence and a duplication of Mr. Copenhaver's testimony. We disagree. The purpose of the evidence was to show the jury a manner of identification existed in Mr. Copenhaver's and the sheriff's minds before the rolls were opened. We have previously held that writings which tend to corroborate a witness' testimony are admissible. Spurgeon v. Imperial Elevator Co., 99 Mont. 432, 43 P.2d 891 (1935).

The last issue and the central issue of this case is whether the evidence was sufficient to warrant a conviction. See State v. Walker, 148 Mont. 216, 419 P.2d 300 (1966).

A defendant is presumed innocent until the contrary is proven and the burden is on the State to prove guilt beyond a reasonable doubt. Section 94-7203, R.C.M.1947. Yet there is a distinction between the burden of proof and the burden of evidence. In a criminal case the burden of proof never shifts, but the burden of the evidence may shift frequently. Underhill's Criminal Evidence, Fifth Edition, § 50, p. 78. Such is the situation here. The State presented sufficient evidence to make out a prima facie case and rested.

In State v. Evans, 60 Mont. 367, 373; 199 P. 440, 442, this Court said:

"It has been many times held by this court that mere possession of property recently stolen is not sufficient of itself to justify conviction. When, however, this fact is supplemented by other facts inconsistent with the idea that the possession is honest, a case is made sufficient to submit to the jury."
This was long the law of this state and insofar as it conflicts with State v. Fairbanks, 140 Mont. 243, 370 P.2d 497, we reverse the Fairbanks case.

Here, the conviction is based entirely on circumstantial evidence and the rule we pointed out in State v. Cor, 144 Mont. 323, 326, 327, 396 P.2d 86, 88 (1964), is applicable here.

"Circumstantial evidence is not always inferior in quality nor is it necessarily relegated to a 'second class status' in the

consideration to be given it. The very fact it is circumstantial is not a sufficient allegation to justify a reversal of the judgment for such evidence may be and frequently is, most convincing and satisfactory. In any criminal case, evidence that is *material, relevant* and *competent* will be admitted, 'nothing more and nothing less.' The test is whether the facts and circumstances are of such a quality and quantity as to legally justify a jury in determining guilt beyond a reasonable doubt. If such be the case, then the Court should not, indeed cannot, set aside the solemn findings of the trier of the facts. State v. Espelin, 106 Mont. 231, 76 P.2d 629; State v. DeTonancour, 112 Mont. 94, 112 P.2d 1065.''

The fact question the jury faced was whether they were satisfied beyond a reasonable doubt that the tracing of the coins tied the defendant, Proctor, to the crime. They were, and so are we.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, CASTLES and BONNER concur.