THE STATE OF MONTANA, Plaintiff and Respondent, v. NEIL HART, Defendant and Appellant.

No. 11679.
Submitted October 27, 1969.
Decided December 16, 1969.
462 P.2d 885.

Berger, Anderson & Sinclair, Arnold A. Berger, argued, Billings, for appellant.

Robert L. Woodahl, Atty. Gen., Robert Gannon, Sp. Asst. Atty. Gen., argued, Helena, John L. Adams, County Atty., Billings, for respondent.

The HONORABLE L. C. GULBRANDSON, District Judge, sitting in place of MR. JUSTICE BONNER, delivered the Opinion of the Court.

This is an appeal by the defendant, being charged with grand larceny, from a conviction of petty larceny.

The defendant makes four specifications of error:

1. The prosecuting attorney, in closing argument to the jury, violated an express statutory admonition and violated defendant's constitutional rights.

2. Allegedly stolen merchandise was displayed before the jury, marked as exhibits, but never offered as evidence because of an admitted inability to lay a foundation.

3. The absence of properly identified allegedly stolen merchandise in evidence resulted in a failure of proof sufficient to justify conviction.

4. The court refused to allow cross-examination of the witness Michael Carlin with regard to identification tags and marks on the trousers themselves, even though the same were marked as exhibits and before the jury.

On December 23, 1968, the defendant Neil Hart was arrested for stealing three pair of men's trousers from the K-G Men's Store, located at West Park Plaza, a shopping center, at Billings, Montana.

From outside the store, one Michael Carlin, security officer at the shopping center, observed the defendant stuffing the leg of a pair of trousers inside his overcoat and into his pants. When the defendant left the store, Carlin followed and after a short chase, with the help of Ellis Shriver, security officer, apprehended the defendant and attempted to return him to the K-G Men's Store. After several struggles in the mall area, the defendant was taken back into the K-G Men's Store and then into a dressing room where he was searched by Shriver, no other person being in the room.

The security officers then called the city police and turned over the defendant and three pair of trousers allegedly found in his possession to Officer John E. Maze, who took the defendant to the city jail.

Trial was originally set for January 13, 1969, and by stipulation of counsel was continued to March 3, 1969.

At the trial, Shriver testified that at the time of the search he pulled out a pair of trousers from the defendant's pants, and upon pulling the defendant's pants down, found two more pair of trousers. Other witnesses testified they observed Shriver as he came out of the dressing room and that he was holding three pair of trousers with the K-G price tags still on them, one for $30.00 and two for $25.00.

The three pair of trousers were marked as proposed exhibits and it was noted that all K-G identification and price tags had been removed and that the initials "M. C." and "J. E. M." were marked on the trousers. The prosecution had been unsuccessful in its attempts to subpoena Officer John E. Maze as a witness, and after the trousers had been displayed on the clerk's desk for some time in view of the jury, the witness Michael Carlin denied that he had placed his initials on the trousers. Upon cross-examination of Michael Carlin by Mr. Arnold Berger, counsel for the defendant, the prosecution objected to questions regarding the absence of the price tags until such time as the exhibits had been received in evidence, and the objection was sustained. Thereafter the deputy county attorney advised the court that he would be unable to lay a foundation for the proposed exhibits and they would not be offered as such.

The defendant did not testify, and at the time of final argument before the jury, the prosecutor made the following statement:

"The evidence of Mr. Shriver states that immediately—well, shortly thereafter when he searched the Defendant he found three pair of brand new men's pants. Now, Mr. Berger has not seen fit to offer any evidence to controvert this story."

A motion for mistrial, based on the prosecution's comment, was timely made by counsel for defendant and denied by the court, and thereafter the jury returned a verdict of guilty of petty larceny.

The defendant's first specification of error is that the prosecuting attorney, in making the quoted statement, violated the 5th Amendment of the Constitution of the United States, and section 94-8803, R.C.M.1947, which reads as follows:

"*When the defendant is not a competent witness and when he may testify.* A defendant in a criminal action or proceeding cannot be compelled to be a witness against himself; but he may be sworn, and may testify in his own behalf, and the jury in judging of his credibility and the weight to be given to his testimony, may take into consideration the fact that he is the defendant, and the nature and enormity of the crime of which he is accused. If the defendant does not claim the right to be sworn, or does not testify it must not be used to his prejudice, and the attorney prosecuting must not comment to the court or jury on the same."

The prosecution argues the quoted comment was not a comment on the defendant's failure to testify but that it was directed at the weight of the state's evidence, and also contends that it was directed at Mr. Berger and not at the defendant. The prosecution also points out that the following instruction was given the jury:

"You are instructed, that while the statute of this state provides that a person charged with a crime may testify in his own behalf, he is under no obligation to do so; and the statute expressly declares that his neglect to testify shall not create any presumption in your minds against him."

The constitutional protections of the 5th Amendment to the Constitution of the United States have been imposed upon the states.

In Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed2d 106, the court said:

"We said in Malloy v. Hogan, supra, 378 U.S. [1] p. 11, 84 S.Ct. [1489] p. 1495 [12 L.Ed.2d 653], that 'the same standards must determine whether an accused's silence in either a federal or state proceeding is justified.' We take that in its literal sense

and hold that the Fifth Amendment, in its direct application to the Federal Government and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."

The exact words by the prosecutor in the Griffin case are as follows:

" 'These things he has not seen fit to take the stand and deny or explain.

" 'And in the whole world, if anybody would know, this defendant would know.' "

The main difference between the prosecutor's comments here and in the Griffin case is that here the prosecution stated that the "defendant attorney" has not seen fit to offer any evidence to controvert this story.

In Desmond v. United States, 345 F.2d 225, 14 A.L.R.3d 718 (1 Cir. 1965), the prosecution's comment was as follows:

" 'Those are the facts, the evidence. Incidentally, may I say to you that the evidence stands unimpeached and uncontradicted.' "

In analyzing this statement, the court said:

"Nor can we doubt that the government's statement that its winess' statement stood 'unimpeached and uncontradicted' constituted improper comment. No one but appellant (or his codefendant, whom appellant could not put on the stand against his will) could have contradicted the government witness. * * * Unless it is apparent on the record that there was someone other than himself whom the defendant could have called, the comment of necessity pointed to the only person who could have offered the contradiction, the defendant himself. Hence, in the present case it was clearly improper. This is no new constitutional interpretation. [Citing cases.] The government made the argument because it thought it would be effective. We can think of no effect other than to invite the

jury's attention to the fact the defendants had not taken the stand."

This rationale is carried virtually up to the minute in Rodriguez-Sandoval v. United States, 409 F.2d 529 (1 Cir. 1969). There the court said:

"While it is true that parts of the offending portion of the summation could have the meaning that the government contends for, we see no innocuous interpretation which could reasonably be made of the concluding part of the argument where the prosecutor said: 'You must find  *  *  *  that the Government has proved its case on that particular transaction beyond a reasonable doubt, but you have to take into consideration that his [agent Cartegan's] testimony has not been contradicted. That is very important in determining whether he was telling the truth or not  *  *  *'

"This particular passage cannot be understood as pointing only to the absence of an alibi witness. There is nothing to indicate that there was an alibi witness as to these counts who could have contradicted the agent. There was only one witness who the jury knew was in a position to contradict him—the defendant. But he had the right not to testify, to put the government to its proof, and not to have the fact of his muteness be used as an argument to support the credibility of the government's witness.

"We have repeatedly held that such comment, even by implication, is improper. See Holden v. United States, 393 F.2d 276 (1st Cir. 1968); Holden v. United States, 388 F.2d 240 (1st Cir. 1968), cert. denied, 393 U.S. 864, 89 S.Ct. 146, 21 L.Ed.2d 132; Kitchell v. United States, 354 F.2d 715 (1st Cir. 1965), cert. denied 394 U.S. 1011, 86 S.Ct. 1970, 16 L.Ed2d 1032 (1966); Desmond v. United States, 345 F.2d 225 [14 A.L.R.3d 718] (1st Cir. 1965)."

To take the view that the prosecution may not comment on the "defendant's" failure to testify, but may properly comment on the "defendant's attorney's" failure to offer evidence,

where that could only come from the defendant himself, is to make an unwarranted distinction not permissible in law.

Here, the prosecution's statement alludes directly to Shriver's testimony regarding the search of the defendant in the dressing room. No other person was present and no one other than the defendant could have been called by Mr. Berger to "controvert this story."

The Montana statutory ban, section 94-8803, R.C.M.1947, on the prosecution's comment with regard to defendant's failure to testify is twofold:

1. "It must not be used to his prejudice," and
2. He "must not comment to the court or jury on the same."

We hold that the prosecution's comments were within the statutory ban and were also prejudicial as a violation of defendant's constitutional rights under the 5th Amendment to the Constitution of the United States.

In his second specification of error, counsel for defendant states the defendant was prejudiced when the allegedly stolen merchandise was marked as proposed exhibits and displayed to the jury but never offered as exhibits. Here, the prosecution knew long before trial that Officer John E. Maze would not be available as a witness, and apparently did not interview the witness Michael Carlin prior to trial.

In view of the decision of this Court regarding the first specification of error, we need not decide whether the acts in displaying the merchandise constituted reversible error. We do not, however, commend the practice and trust there will be no recurrence on retrial.

For a discussion of basic evidentiary requirements, see State v. Wilroy, 150 Mont. 255, 434 P.2d 138.

In holding, as we do, that the prosecution's comment to the jury constituted reversible error, we need not comment on the remaining specifications of error set forth by the defendant.

*The judgment of the district court is reversed, and the cause remanded for a new trial.*

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR.
JUSTICES HASWELL and JOHN HARRISON, concur.

MR. JUSTICE CASTLES (specially concurring):

I concur but only because the law as laid down obliges me to.
I think the rule against *any* comment on an obvious fact is an
arbitrary rule without any reason or connection to the consti-
tutional right involved. A defendant need not take the stand,
and if he doesn't the jury obviously knows it and a bare com-
ment on that fact simply cannot be prejudicial standing alone.
However, the United States Supreme Court in the cases cited
have stated the arbitrary and flat rule so that any prosecutor
should refrain from stating the obvious.