FILED

04/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0378

DA 22-0378

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 83N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

RALPH DEAVILA,

Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC-20-1575
Honorable Rod Souza, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Laura Reed, Attorney at Law, Missoula, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

Scott Twito, Yellowstone Couty Attorney, Hallie Bishop, Kelsey
Hendricks, Deputy County Attorneys, Billings, Montana

Submitted on Briefs:  January 24, 2024

Decided:  April 23, 2024

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ralph Deavila (Deavila) appeals his conviction for felony DUI entered in the Montana Thirteenth Judicial District Court, Yellowstone County. We affirm.

¶3 On November 3, 2020, Deavila, after attempting an illegal turn in the "Authorized Vehicles Only" section of I-90, was rear-ended by another car as Deavila pulled onto the interstate. Deavila had just finished with an off-duty trooper who observed him make the unauthorized turn-around but decided not to issue Deavila a citation. However, another trooper responding to the crash, Jared Delaney (Delaney), became suspicious Deavila might be intoxicated based on his driving behavior and an open alcoholic drink in the center console of Deavila's vehicle. Before Deavila was transported to the hospital for medical assistance, Delaney noted Deavila had "red, watery, bloodshot eyes," a "dazed expression," and "slightly slurred" speech. Delaney asked Deavila if a blood test would "prove his innocence" and Deavila said that it would. Trooper Jason Frendenberg (Frendenberg) was called to the hospital for purposes of administering a blood test, but Deavila refused after having his rights explained to him. Consequently, Frendenberg and Delaney obtained a warrant for Deavila's blood draw. However, when they returned to the hospital, they found Deavila had left the hospital against medical advice. Delaney tried to reach Deavila for

several days to no avail until Deavila came to the police station willingly on November 10, 2020. When confronted about why he had refused the blood test, Deavila admitted he did not want the test and had been drinking earlier that day. Deavila was charged with four misdemeanors and felony DUI. Deavila pled guilty to Count II, driving while suspended, and proceeded to a jury trial on the other counts.

¶4 During voir dire, the prosecutor told prospective jurors they would hear at trial about the defendant refusing a blood test and stated a refusal of a blood or breath test meant the law would presume a person to be under the influence. During trial, the State played a video of Delaney questioning Deavila when he came to the police station about why he had refused the blood test. In the video, Delaney made statements to Deavila such as "that's kind of your opportunity to prove you weren't impaired" and "[t]he opportunity to prove you weren't under impairment was given to you and then you ran out before we could do that." During closing rebuttal, the prosecutor reiterated Delaney's testimony that he had asked Deavila if a blood test would prove his innocence and Deavila confirming it would. The prosecutor then stated Deavila had the whole ambulance ride to think about "whether that blood draw would actually prove his innocence." Defense counsel did not object to any of these statements. Deavila chose not to testify at trial.

¶5 Additionally, during closing, the prosecutor stated, "there is one person in this courtroom who knows how much the Defendant had to drink on October 3rd of 2020, think about who that is and why that is" and shortly after, similarly stated, "the Defendant, the only person in this room who knows how much he had to drink on November 3rd, considered the consequence while he was in the ambulance . . . ." The State also drew

3

attention to Deavila's refusal to submit to a blood test and that a refusal created a rebuttable inference that a person was under the influence. The State pointed out the Defendant had not rebutted that inference. Defense counsel did not object to these comments at trial.

¶6     In the Defense's closing, counsel criticized the State for failing to have the passenger who was with Deavila in the car during the accident testify. In the State's rebuttal to the Defense's closing, the prosecutor addressed and criticized the defense's failure to call the passenger, stating "the one person who could testify to whether the Defendant was drinking only earlier in the day is not here . . . [a]sk yourself, who should that witness testify on behalf?" Defense objected to this comment as an impermissible shift of the burden of proof. The court overruled it indicating the State can point out facts that were at issue that could have been controverted by someone other than the defendant but were not.

¶7     Before deliberations, the court instructed the jury that Deavila had a constitutional right not to testify and they were not to infer anything from the defendant's failure to testify. The court also instructed that Deavila was not required to prove his innocence or present any evidence as it was the State's burden to prove guilt beyond a reasonable doubt. Lastly, the court also instructed the jury that refusal of a blood or breath test was admissible evidence and that they may infer from the refusal the person was under the influence, but the inference is rebuttable. The jury found Deavila guilty of all counts and he was sentenced to eight years for felony DUI. Deavila appeals his conviction, arguing the prosecutor's comments were improper and shifted the burden of proof, depriving Deavila of his right to a fair trial.

¶8 "If a prosecutor's improper comments prejudice a defendant's right to a fair trial, then the proper remedy is reversal." *State v. Slade*, 2008 MT 341, ¶ 18, 346 Mont. 271, 194 P.3d 677. "We use a two-step analysis to determine whether improper comments have prejudiced a defendant's right to a fair trial. We first determine whether the prosecutor made improper comments and, if so, we then determine whether those comments prejudiced the defendant's right to a fair trial." *State v. Byrne*, 2021 MT 238, ¶ 18, 405 Mont. 352, 495 P.3d 440 (citing *State v. Sanchez*, 2008 MT 27, ¶ 51, 341 Mont 240, 177 P.3d 444). The defendant bears the burden of showing the comment violated his substantial rights. *State v. Ritesman*, 2018 MT 55, ¶ 21, 390 Mont. 399, 414 P.3d 261.

¶9 Generally, we do not address issues raised for the first time on appeal that were not objected to at trial. *State v. Favel*, 2015 MT 336, ¶ 13, 381 Mont. 472, 362 P.3d 1126. "However, we may choose to exercise discretionary plain error review where the alleged error may result in a manifest miscarriage of justice, leaves unsettled questions of fundamental fairness, or compromises the integrity of the judicial process." *State v. Wells*, 2021 MT 103, ¶ 13, 404 Mont. 105, 485 P.3d 1220. Plain error review is discretionary, and we apply it on a case-by-case basis. *State v. Reim*, 2014 MT 108, ¶ 29, 374 Mont. 487, 323 P.3d 880.

¶10 Deavila argues the state's comment in closing that Deavila did not call the passenger to testify violated the presumption of innocence and impermissibly shifted the burden of proof to him. However, this Court in *Kolb* explained the prosecutor's comment about the defense not calling certain witnesses was not improper because it was in response to the defense criticizing the prosecution for failing to call specific witnesses. *State v. Kolb*, 2009

5

MT 9, ¶¶ 27-28, 349 Mont. 10, 200 P.3d 504. The situation is similar here, the prosecution only critiqued the defense's choice to not call the witness after the defense had brought up the prosecution not calling the specific witness, and the jury was properly instructed that the State must prove the case beyond a reasonable doubt and the defendant was under no obligation to present any evidence or testimony. We conclude the State's comment, when considered in context, was not improper or a violation of the defendant's substantial rights.

¶11    As for Deavila's other claims of prosecutorial misconduct, he can only obtain review under the plain error doctrine because the comments were not objected to at trial. *Wells*, ¶ 13. Plain error is used sparingly for a narrow class of cases. *State v. Lackman*, 2017 MT 127, ¶ 9, 387 Mont. 459, 395 P.3d 477. The appealing party must "(1) show that the claimed error implicates a fundamental right and (2) 'firmly convince' this Court that failure to review the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process." *Favel*, ¶ 23 (quoting *State v. Daniels*, 2011 MT 278, ¶ 32, 362 Mont. 426, 265 P.3d 623). Under the Fourteenth Amendment Due Process Clause, a criminal defendant has a fundamental right to the presumption of innocence and every element of the charged offense must be proven beyond a reasonable doubt. *State v. Miller*, 2022 MT 92, ¶ 21, 408 Mont. 316, 510 P.3d 17 (citing *Estelle v. Williams*, 425 U.S. 501, 503 (1976); *In re Winship*, 397 U.S. 358, 363-64 (1970)). Deavila claims the burden of proof was shifted and he was denied his right to a fair trial based on the prosecutor's comments indirectly addressing Deavila's decision not to testify and his refusal to take a blood or breath test.

¶12 First, criminal defendants have a constitutional right against compelled self-incrimination and cannot be made to testify at trial against their will. *Miller*, ¶ 21 (citing U.S. Const. amends. V and XIV; Mont. Const. Art. II, § 25). A prosecutor cannot directly or indirectly suggest the defendant has the burden of proving his innocence or disproving the state's evidence. *Miller*, ¶ 28. A prosecutor's comment is not improper if "the comment does not, under the totality of the circumstances, necessarily pertain or refer specifically to the defendant's failure to testify, or to testimony that necessarily could come only from the defendant." *Miller*, ¶ 29. "During closing argument, a prosecutor may comment on 'the gravity of the crime charged, the volume of evidence, credibility of witnesses, inferences to be drawn from various phases of evidence, and legal principles involved, to be presented in instructions to the jury . . . .'" *State v. Green*, 2009 MT 114, ¶ 33, 350 Mont. 141, 205 P.3d 798 (quoting *State v. Staat*, 251 Mont. 1, 10, 822 P.2d 643, 648 (1991).

¶13 Twice during closing, the prosecutor commented that only the defendant knew how much he drank that night. This comment was improper because the comment itself acknowledged that such a defense could only be proven by the defendant. We have previously held similar prosecutor's comments to be improper when the evidence referenced could have only come from the non-testifying defendant. See *Town of Columbus v. Harrington*, 2001 MT 258, ¶¶ 18-21, 307 Mont. 215, 36 P.3d 937 (prosecutor's comment about no evidence contradicting the State's evidence was improper and implicated the non-testifying defendant's right to remain silent when missing evidence could have only come from the defendant); *State v. N. Hart*, 154 Mont. 310, 312-16, 462

P.2d 885, 887-89 (1969) (prosecutor's comment about defense counsel failing to offer any evidence contradicting a state's witness was improper when evidence could have only come from the non-testifying defendant).

¶14 Although the prosecutor's comment was improper, it does not merit plain error review. In *Favel*, we held a prosecutor's comment that the defendant could have "proven her innocence" by taking a breath test in a DUI case was improper, but it did not warrant plain error review because the jury was properly instructed on the State's burden of proof and the presumption of innocence. *Favel*, ¶¶ 27-28. The situation is similar here, where the jury was correctly instructed that the defendant did not have to testify or present any evidence and the state had to prove the offense beyond a reasonable doubt. Deavila argues *Favel* is distinguishable because in that case, there was a breath test offered as evidence. Here, the State still presented ample evidence that Deavila was driving while intoxicated—Deavila's erratic driving, his appearance before going to the hospital, his own admission to drinking that day, his refusal to take a blood test, and his evasion of law enforcement once they obtained a warrant for a blood test. We therefore conclude that the record does not warrant plain error review.

¶15 Next, we will address the testimony of Trooper Delaney that was offered by the State that included Delaney talking to Deavila about "proving his innocence" and the prosecutor recalling those comments in closing. A prosecutor may offer the defendant's refusal to take a sobriety test as probative evidence and that refusal can be used to argue the defendant's consciousness of guilt. *Favel*, ¶ 24. However, we have previously held multiple references to the defendant having the chance to "prove their innocence" by the

8

prosecutor is improper as it blurs the distinction between the defendant's state of mind and the State's burden of proof. *Favel*, ¶ 26. Here, assuming the comments at closing by the prosecutor were improper because it was another reference to Deavila proving his innocence, they nonetheless do not warrant plain error review.[1] Deavila has not shown how the comment prejudiced his case. Considering the evidence produced by the State and that the jury was instructed correctly, the comment did not result in a manifest miscarriage of justice, affect the fundamental fairness of the trial, or compromise the integrity of the judicial process.

¶16 Next, we address the prosecutor's misstatements during voir dire. During the questioning of potential jurors, the prosecutor twice stated the law would presume one to be under the influence if they refused a blood or breath test. The statute in question provides "[t]he trier of fact may infer from the refusal that the person was under the influence." Section § 61-8-404(3), MCA (2019) MCA (renumbered as 61-8-1018(2), MCA (2023)). The prosecutor's comments were an incorrect statement of the law. However, the prosecutor's statement was referenced in hypothetical questions before the start of the trial. During trial, the prosecutor stated the law correctly as did defense counsel, and the jury was given the correct instructions regarding an inference rather than a presumption. There is little danger this misstatement affected the defendant's substantial rights, and we decline to exercise plain error review.

---

[1] The State's reference to Delaney's conversation with Deavila did not suggest the State had a lower burden of proof and it offered other important probative evidence.

¶17 Lastly, the improper statements taken together do not warrant review under cumulative error. The defendant must show the cumulative errors taken together resulted in actual prejudice. *State v. Cunningham*, 2018 MT 56, ¶ 32, 390 Mont. 408, 414 P.3d 289. "[T]he cumulative effect of errors will rarely merit reversal." *Cunningham*, ¶ 33. Deavila has failed to show prejudice from any individual claims or from the combination of the alleged errors.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶19 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR